203 So.2d 427 (1967)
The AMERICAN ROAD INSURANCE COMPANY, Plaintiff-Appellant,
v.
Jesse H. IRBY, Defendant-Appellee.
No. 10842.
Court of Appeal of Louisiana, Second Circuit.
September 25, 1967.
Pipes & Pipes, Monroe, for appellant.
Hamilton & Carroll, Oak Grove, for appellee.
Before GLADNEY, AYRES and BOLIN, JJ.
GLADNEY, Judge.
Petitioner's action is predicated on insurance subrogation and stems from a collision between two automobiles, one driven by Howard E. Pettis, plaintiff's insured, and the other by the defendant, Jesse H. Irby. The accident occurred in West Carroll Parish on December 4, 1965 in midafternoon on Louisiana Highway No. 2 at its intersection with a graveled road. Trial resulted in a rejection of plaintiff's demands and the latter has appealed.
The principal issue presented herein arises under the special plea of contributory negligence filed on behalf of defendant, or more specifically stated, the question is whether the automobile driven by Pettis was traveling at an excessive and unreasonable *428 rate of speed except for which the accident could have been avoided.
The material facts are not in serious controversy and may be briefly stated. Irby, 80 years of age and required by his driver's license to wear glasses, just prior to the accident was proceeding south on a gravel road approaching its intersection with State Highway No. 2, an east and west superior paved thoroughfare. He was not wearing his glasses at the time. Upon arriving at the intersection he testified that he stopped in obedience to a stop sign, permitted two automobiles to pass and drove onto Highway No. 2 for the purpose of executing a left turn. A collision occurred in the intersection as a result of which the Ford automobile driven by Pettis was a total loss. The version of Pettis was that he was traveling at a speed of from 60 to 70 miles per hour, and when about 200 feet distant from the intersection, Irby suddenly drove his automobile into the intersection, and although evasive measures were taken, he was not able to avoid the collision. The investigating officer, Sergeant Virgil Johns, testified the skid marks of the Pettis car were visible from a distance of 102 feet to the point of impact, and thereafter the car traveled approximately 105 feet into the righthand road ditch. The point of impact occurred in the westbound traffic lane when the Irby vehicle had almost completed its turning maneuver.
The negligence of Irby is clearly established. The duty of a motorist is not only to stop before entering a right of way thoroughfare, but he must remain stopped until he ascertains that he can proceed safely. Doucette v. Primeaux, La. App., 180 So.2d 866 (3rd Cir. 1965); LSA-R.S. 32:123. The motorist on a favored street or highway is entitled to proceed forward and into an intersection upon the assumption that inferior traffic will respect his superior right of way. McDonald v. Bramel, La.App., 147 So.2d 68 (2nd Cir. 1962).
The defendant earnestly argues that the Pettis car was admittedly traveling in excess of the statutory speed limit of 60 miles per hour and that such excessive speed constituted a proximate cause of the collision, and that accordingly, plaintiff's insured forfeited his right of way and was contributorily negligent. Our jurisprudence recognizes, however, that the speed of a vehicle will not constitute contributory negligence unless it be causally connected with the accident. The rule is stated in Cone v. Smith, La.App., 76 So.2d 46 (2nd Cir. 1954):
"Negligence alone in the operation of a motor vehicle does not give rise to a cause of action; in order to be actionable the negligence must result in injury or damage and then liability may only be imposed if such negligence is the, or a, proximate cause of injury; that is to saythe injury must be the natural and probable consequence of a negligent act or omission, which an ordinarily prudent man ought reasonably to have foreseen might probably result in injury. * * * "[76 So.2d 46, 49]
If the Pettis automobile had been traveling at 60 miles per hour prior to the accident a distance of 185 feet would be required to stop the vehicle after applying the brakes. See Am.Jur.2d Desk Book, Doc. No. 174. The investigating officer testified that the Pettis vehicle skidded 102 feet after applying his brakes to the point of impact. It seems clearly established that the collision between the two automobiles would not have been avoided had Pettis been driving the legal rate of speed. For this reason we find that the negligence of Pettis was not a proximate cause of the accident and disagree with the finding of the trial court that the plaintiff's insured was guilty of contributory negligence.
Accordingly, the judgment from which appealed is annulled and set aside, and it is now ordered, adjudged and decreed *429 that judgment be rendered in favor of The American Road Insurance Company and against Jesse H. Irby in the full sum of Nine Hundred Eight and 01/100 ($908.01) Dollars, with legal interest thereon from judicial demand, defendant to pay all cost of this suit including cost of the appeal.