LeSUEUR, Judge.
Rowley Boulevard and Livingston Avenue, both two-lane streets, meet at a right angle intersection in St. Bernard Parish. Rowley is the favored street and the right-of-way is protected by stop signs facing Livingston Avenue.
Austin Simpson was driving south on Rowley, the favored street, on December 28, 1968 at about 10:35 a. m. He was admittedly speeding.
Suzanne Durio, a minor, was, at that time, driving west on Livingston and approaching the intersection. According to her statement, which was admitted into evidence by stipulation, she stopped for the stop sign and, unable to see around parked cars, pulled forward and stopped again.
She did not see the Simpson vehicle. Rather, she entered into the intersection and was commencing a left turn when she struck the left rear (not, as she stated, the left front) of Mr. Simpson’s car.
Simpson and his subrogated insurer, Emmco, filed suit for property damage to the vehicle. The trial court dismissed the action and the plaintiffs have appealed.
The trial court did not file reasons for judgment. Inasmuch as the facts are clear, however, it seems evident that the judgment is predicated upon the conclusions of law applicable to those facts.
At the outset, we are convinced of Miss Durio’s negligence. She was acting in obedience to a stop sign and attempting a left hand turn. On either count, the law required that she affirmatively see that the intersection was clear before proceeding. Otillio v. Dolese, La.App., 236 So.2d 646 (4th Cir. 1970); Warrington v. Employers Group Insurance Companies, La.App., 207 So.2d 207 (4th Cir. 1968), and Liverpool & London & Globe Insurance Co. v. Taylor, La.App., 193 So.2d 840 (4th Cir. 1966).
The fact that she saw nothing prior to impact is, in our view, not determinative, for, like any motorist, she must abide by the standard of what she should have seen. In this connection, we recognize merit in the defendants’ argument that she was entitled to presume that vehicles beyond her range of vision were traveling at a lawful rate of speed. At the same time, we find it unreasonable to apply that rule where, as here, the favored vehicle entirely crossed the front of her car without being seen prior to impact.
The crux of the matter lies, therefore, in determining whether or not Simpson’s negligence per se in speeding was a legal proximate cause of the collision. Simpson admitted to perhaps 35 miles per hour in a 20-mile per hour zone. Miss Durio estimated his speed as at least 35 miles per hour.
Our reading of the record is that, assuming he was moving at about that rate of speed, Miss Durio could and should have seen him, that he was entitled to assume that she would, and that the sole cause of the accident was her negligence. Amer *101 ican Road Insurance Company v. Irby, La.App., 203 So.2d 427 (2nd Cir. 1967).
In brief, the defendants argue that the fact that Simpson traveled some 70 yards (210 feet) after impact suggests that he was moving at a far greater rate of speed. The evidence, however, is clear that he did not apply his brakes and, in view of that, it is impossible to draw speed conclusions from the distance traversed.
Damages were stipulated at $100.00 for Mr. Simpson and $1,062.50 for Emmco Insurance Company.
For the foregoing reasons, the judgment appealed is reversed and judgment is hereby rendered in favor of plaintiff, Austin P. Simpson, in the amount of $100.00, plus interest, and in favor of plaintiff, Emmco Insurance Company, in the amount of $1,-062.50, plus interest, and against defendants, Ronald Durio, personally and as father administrator of the estate of his minor daughter, Suzanne M. Durio, and Travelers Insurance Company. Costs in both courts are to be borne by defendants-appellees.
Reversed and rendered.