HALL, Judge.
This is a suit for personal injuries and property damage arising out of an automobile accident which occurred at approxi *650 mately midnight, September 1, 1969, on the Old Dixie Road in Caddo Parish. The accident involved an automobile owned by Levi Anderson and his wife, Ethel Lee Anderson, driven by Dora A. Miller, with the Andersons’ minor daughter, Jacqueline, as a guest passenger, and an automobile owned and driven by Jackson C. Sibley, and insured by Firemen’s Insurance Company. As the Miller vehicle attempted a left turn off of the Old Dixie Road onto the English Road or driveway, it was struck by the overtaking Sibley vehicle. Plaintiffs allege the sole proximate cause of the accident was the negligence of Sib-ley. Defendants deny Sibley was negligent and, alternatively, plead the contributory negligence of plaintiff, Miller.
The district court rejected plaintiffs’ demands and dismissed plaintiffs’ suit, without assigning written reasons. The decision necessarily implies a finding on the part of the district court that Sibley was free from negligence. Plaintiffs have appealed. We conclude that the decision of the district court was in error, that Sibley was negligent, that plaintiff, Miller, was not negligent, and we, therefore, reverse the judgment of the district court.
Plaintiff Miller, testified she was driving from her home on the Cooper Road to her parents’ home in Dixie with her seventeen year old sister, Jacqueline, as a passenger. She first noticed the Sibley car behind her about a mile before she reached the point of the accident. The Sibley automobile came up close behind her with its bright lights on and she tried to adjust her mirror to keep the lights from blinding her. She slowed down hoping the following automobile would pass, but when it did not she decided to turn left into the English Road, a private driveway, to let the following car go by and to see who it was. She put on her left turn blinker signal about a block and a half before commencing her turn. When she put the signal on, the Sibley car was behind her in the right hand lane. She commenced the left turn and when her vehicle was partially off the road and partially on the road it was struck by the Sibley vehicle on the left side at the rear of plaintiffs’ automobile with the damage extending on down the side of the car toward the front. The vehicles came to rest off the left hand side of the road angling into the driveway.
The testimony of the passenger, Jacqueline Anderson, substantially supported that of the plaintiff driver. She testified that the blinker signal was turned on about a block and a half prior to making the left turn and that at the time the turn was commenced the following automobile was in the right hand lane behind the Miller vehicle.
The officer investigating the accident testified that the Sibley automobile left approximately ninety-four feet of skid marks and that the skid marks were located in the right lane. Apparently there was only one line of skid marks because the officer testified that he could not say which tire on which side of the car left the skid marks.
Sibley’s version of the accident was basically consistent with that of the plaintiffs in many respects. He testified that he followed the Miller vehicle for about two and a quarter or two and a half miles. He observed what he thought was a spotlight on the Miller vehicle shining off of the road to the right. (It was determined after the accident that the Miller vehicle had a “cockeyed” right headlight which caused the spotlight effect). Being a property owner and cattle owner in the area and being aware of some recent thefts, he approached close to the Miller vehicle, with his bright lights on so that he could get a good look to see who was in the car and what they were doing. When satisfied that nothing was amiss, he dropped back to a safe distance and followed the Miller vehicle another mile or so until he got to a point where he decided to pass. Both vehicles had been traveling at forty to forty-five miles per hour and Sibley speed-ed up to about sixty miles per hour in order to make the passing maneuver. He *651 testified that he had begun his passing maneuver and was in the middle to the left hand side of the road when the Miller vehicle began its left turn and he was unable to bring his vehicle to a stop before striking the Miller automobile. Sibley testified the skid marks ran from just over the right hand side of the center line into the left lane up to the point of impact.
Sibley testified he did not see a left turn signal but on cross examination candidly testified as follows:
“Q. Was the left turn signal blinking or do you know, sir?
“A. I do not know.
“Q. It could have been blinking and you just didn’t see it?
“A. That is very possible.”
There is nothing in the record to indicate that the testimony of either plaintiffs or defendant represented anything other than their honest, best recollection of how the accident happened. The key factual question to be answered is whether plaintiff, Miller, turned on her left turn blinker signal an appropriate distance from the point where she commenced the left turn. She and the passenger both testified she did so and Sibley candidly conceded that although he did not see it, it was “very possible” the blinker light was on.
We conclude that Sibley was negligent in failing to observe the left turn signal and in attempting to pass the Miller vehicle after the signal was given and after the Miller vehicle slowed down for its left turn. Although Sibley testified he had commenced his passing maneuver at the time the left turn was commenced, his testimony was that he was in the middle to left hand side of the highway and it is probable that it was not evident to the driver of the preceding vehicle that he was beginning a passing maneuver at the time she made her last observation and commenced her left turn. Sibley testified he did not recall giving any passing signal by sounding his horn or blinking his lights and he was further negligent in this respect.
Having accepted plaintiffs’ version that the left turn signal was properly given and that at the time the signal was given and the turn commenced the Sibley automobile was not so far into its passing maneuver as to make plaintiff, Miller, aware of that fact, there, is no basis for a finding of contributory negligence on the part of Miller. Having given the proper signal and having observed the following car in the right lane behind her, plaintiff was entitled to assume that the following vehicle would honor the signal and was entitled to assume that she could complete her turn in safety.
We find that the sole proximate 'cause of the accident was the negligence of defendant, Sibley.
Plaintiffs’ injuries were not serious. The only evidence concerning the nature of their injuries was their own description, that of their mother, and sketchy records from Confederate Memorial Medical Center.
Dora A. Miller testified she hurt her back in the accident and was c.aken by ambulance to Confederate Memorial Medical Center. She was treated in the emergency room for about ten to fifteen minutes and discharged to go home. She testified that two or three days later she went back to Confederate Memorial and was hospitalized for three days, but the hospital’s records showed the hospitalization took place some three weeks later. She missed three days work. Plaintiff testified she had some aching and hurting in the lower part of her back and that she went back to Confederate Memorial one more time and received a prescription for some pills. We hold that plaintiff, Miller, is entitled to recover $28.35 for loss of earnings, $25 for ambulance service and $500 for pain and suffering or a total of $553.35.
*652 Jacqueline Anderson testified she hit her head on the dashboard, was sore in the chest and had complaints relating to her head and back. She also was treated for about ten to fifteen minutes in the emergency room of Confederate Memorial on the night of the accident and was discharged to go home. She went back to the hospital about two weeks later and received a prescription for some pills. We hold that Levi Anderson, as administrator of the estate of his minor child, Jacqueline Anderson, is entitled to recover the sum of $250 for her pain and suffering. Individually, he is also entitled to recover the sum of $25 for ambulance service and $347.96 for damage to his automobile.
For the reasons assigned, the judgment of the district court is reversed and judgment is rendered as follows:
It is ordered, adjudged and decreed, that there be judgment herein in favor of plaintiff, Dora A. Miller, and against defendants, Jackson C. Sibley and Firemen’s Insurance Company, in solido, in the sum of Five Hundred Fifty-three and Wioo ($553.35) Dollars, together with legal interest thereon from date of judicial demand until paid.
It is further ordered, adjudged and decreed, that there be judgment herein in favor of plaintiff, Levi Anderson, as administrator of the estate of his minor child, Jacqueline Anderson, and against defendants, Jackson C. Sibley and Firemen’s Insurance Company, in solido, in the sum of Two Hundred Fifty and No/100 ($250) Dollars, together with legal interest thereon from date of judicial demand until paid.
It is further ordered, adjudged and decreed, that there be judgment herein in favor of plaintiff, Levi Anderson, individually, and against defendants, Jackson C. Sibley and Firemen’s Insurance Company, in solido, in the sum of Three Hundred Seventy-two and 9%oo ($372.96) Dollars, together with legal interest thereon from date of judicial demand until paid.
It is further ordered, adjudged and decreed, that all costs of this suit are assessed to the defendants.
Reversed and rendered.