279 So.2d 273 (1973)
Dewey E. BURGE, Plaintiff-Appellee,
v.
Dennis G. DOTY et al., Defendants-Appellants.
No. 12102.
Court of Appeal of Louisiana, Second Circuit.
May 30, 1973.
Rehearing Denied June 25, 1973.
Writ Refused August 31, 1973.
*274 Cook, Clark, Egan, Yancey & King by Gordon E. Rountree, Shreveport, for defendants-appellants.
John B. Morneau, C. Don McNeill, Lunn, Irion, Switzer, Johnson & Salley by Jack E. Carlisle, Jr., Shreveport, for plaintiff-appellee.
Before BOLIN, PRICE and HEARD, JJ.
En Banc. Rehearing Denied June 25, 1973.
PRICE, Judge.
This appeal arises out of an automobile collision on the Old Minden Road in Bossier City in the area adjacent to the Heart O'Bossier Shopping Center. Old Minden Road, an east-west thoroughfare, merges with Barksdale Boulevard, which runs into Old Minden Road from the southeast, a short distance to the west of the shopping center. Just to the east of the apex of the triangle formed by the intersection of these two highways, there is a crossover allowing traffic on Barksdale to turn right and to either proceed easterly on Old Minden Road or to cross this four-lane thoroughfare and enter the shopping center located directly opposite the crossover. There is a yield sign requiring traffic using the crossover to yield the right-of-way to traffic on the Old Minden Road.
This accident happened on December 2, 1971, at about 1:10 p. m., at which time a light rain was falling. Plaintiff, Dewey Burge, drove his automobile from the crossover intending to enter the Heart O'Bossier Center on the north side of Old Minden Road. While crossing the Old Minden Road his vehicle was struck by an automobile being driven by Dennis Doty in a westerly direction in the inside lane of Old Minden Road.
Burge brought this action seeking damages for personal injuries, medical expenses, loss of wages and cost of repairs to his automobile against Doty and his liability insurer, Aetna Life and Casualty Insurance Company. Plaintiff alleges that the accident was caused solely by the negligence of Doty in driving at an excessive speed, failing to keep a proper lookout, passing and changing lanes at an intersection, and entering an intersection when it had been preempted by another vehicle. In amended pleadings plaintiff plead the doctrine of last clear chance. Defendants denied any negligence on the part of Doty and alleged the accident was caused by the failure of plaintiff to yield the right-of-way to vehicles on the favored thoroughfare and failing to keep a proper lookout. In the alternative, defendants plead the doctrine of contributory negligence as a bar to plaintiff's recovery. In addition, defendants reconvened against plaintiff seeking reimbursement for the cost of repairs to the Doty vehicle.
After trial on the merits the district court rendered judgment in favor of plaintiff for the sum of $3,162.76 and rejected defendants' claims asserted by reconventional demand.
Defendants have suspensively appealed this judgment. In brief to this court appellants contend the trial judge was in error in the following respects:
1. In finding Burge had lawfully entered the intersection and that he had preempted same.

*275 2. In concluding Doty had the last clear chance to avoid the accident.
3. In failing to find Burge guilty of contributory negligence.
4. In awarding excessive damages.
5. In rejecting the claims asserted in the reconventional demand filed by defendants.
We are of the opinion the evidence shows the accident was caused by the negligence of both drivers and that portion of the judgment awarding plaintiff damages should be reversed.
The following is a review of the testimony of the parties involved and the three persons who witnessed the accident depicting its occurrence.
Burge, who was 70 years of age at the time, testified he stopped his automobile at the yield sign and remained stopped for a period of three or four minutes. He contends he waited for traffic moving east on Old Minden Road to clear and saw no traffic headed westerly other than a city garbage truck which he thought was parked in the curb lane just east of the entranceway into the Heart O'Bossier Center. He further testified he started across Old Minden Road at a speed of about 10 m. p. h. and was never aware of the Doty vehicle until it struck the rear portion of his automobile.
Doty testified he had entered Old Minden Road from the Benton Road less than a block distant from the point of the accident. He contends he proceeded into the left lane to overtake the garbage truck which was traveling very slowly in the curb lane. Since he was also employed as a driver for the Sanitation Department of Bossier, as he pulled abreast of the truck he honked at his fellow employees. A moment later he saw Burge suddenly pull out into his path and he immediately applied his brakes and skidded into the side of the Burge vehicle. He admitted he had not seen the Burge vehicle until it was in the center of the Old Minden Road, directly in his path. He estimated the speed of his automobile at 30 m. p. h. just before the accident.
Thomas Hirsch, who was a stranger to both parties, had stopped his vehicle in the entranceway to the shopping center directly opposite the Burge automobile while waiting for traffic to clear so he could proceed southerly on Barksdale Boulevard. From this position he had an unobstructed view of the accident scene. He was looking alternately at traffic to the east and west. He saw the garbage truck moving slowly in the curb lane in a westerly direction. He testified he saw the Burge vehicle drive onto the Old Minden Road and a "split second" thereafter heard a screech of brakes which caused him to look back to the east, at which time he saw the Doty vehicle for the first time in a skidding position in the inside lane for westbound traffic. He fixed the point of impact in the Doty vehicle's lane of travel and estimated the distance of skidding prior to impact at 50 to 75 feet.
The two co-employees of Doty, who were the driver and co-worker in the garbage truck, more or less corroborated Doty's testimony in all respects. They contend the Burge vehicle did not stop at the yield sign but continued from Barksdale Boulevard through the crossover onto Old Minden Road directly in the path of the oncoming westbound traffic. They further testified the Doty vehicle had passed a very short distance ahead of their truck at the time Burge proceeded into the thoroughfare and had Doty's auto not collided with Burge's car, their truck would have probably struck it.
In his written reasons for judgment, the trial judge based his conclusions solely on the testimony of Hirsch, the eyewitness he considered to be entirely impartial. We consider the testimony of this witness, standing alone, to be sufficient to show contributory negligence on the part of Burge.
*276 The driver of a vehicle approaching a favored thoroughfare on an inferior street, controlled by stop signs or yield signs, must not only stop or slow down for the sign before entering into the right-of-way thoroughfare, but must remain stopped until he has ascertained that he can proceed with safety and must yield the right-of-way to oncoming vehicles approaching so closely on the favored highway as to constitute a hazard. LSA-R.S. 32:123; Doucette v. Primeaux, 180 So.2d 866 (La.App. 3d Cir. 1965); American Road Insurance Co. v. Irby, 203 So.2d 427 (La.App. 2d Cir. 1967).
In addition, the driver on the inferior street is charged with a duty of maintaining a proper lookout and is held to have seen that which he should have seen by the exercise of reasonable care. Shephard v. Checker Cab Co., 230 So.2d 343 (La.App. 4th Cir. 1970); Landry v. State Farm Mutual Automobile Ins. Co., 215 So. 2d 226 (La.App. 3d Cir. 1968).
Hirsch testified that he saw the Burge vehicle pull out from the yield sign and then a "split second" later he heard the Doty vehicle and saw it in a skidding position in the inside westbound lane of the Old Minden Road. There were no impediments to Burge's view in the direction from which the Doty vehicle was approaching. We think the evidence fairly establishes Doty's speed in the 30 to 35 m. p. h. range. At this speed his vehicle would necessarily have been within such proximity to the intersection that Burge should have seen it and have recognized that he could not have crossed the intersection in safety without creating a hazard to himself and to Doty. Therefore, we find Burge to be negligent for not seeing the Doty vehicle and realizing it would create a hazard to cross in front of it.
For the same reasons stated above we do not think the doctrine of preemption should apply to the facts of this case. In order to preempt an intersection the driver on the inferior street must show that he made a lawful entry thereon after ascertaining that oncoming traffic was sufficiently far removed as to permit safe passage so that his crossing would not require an emergency stop from any right-of-way traffic. Funderburk v. Temple, 268 So.2d 689 (La.App. 1st Cir. 1972); Becken v. Stonewall Ins. Co., 275 So.2d 470 (La.App. 2d Cir. 1973).
Under the circumstances presented in this case, the trial court was correct in finding Doty was guilty of negligence. Doty admitted not seeing the vehicle until it had almost crossed the two eastbound lanes of traffic. Had Doty been maintaining a proper lookout he should have seen Burge's car in time to have exercised more evasive action in an attempt to prevent the accident. In an attempt to absolve Doty of any fault for the accident, defendants urge the application of the principle that a motorist on a favored street has the right to assume the motorist approaching on the inferior street is going to stop or yield the right-of-way and may continue under the assumption until the moment he realizes the other motorist is pulling out into the favored street. This principle has no application to the facts of this case as from Doty's own admission he did not see Burge until his vehicle had transversed almost two lanes of traffic.
Moreover, we do not think the doctrine of last clear chance should be applied to the facts of this case to allow one inattentive motorist to recover damages from another inattentive motorist. It is apparent from the evidence that neither driver was aware of the other vehicle in time to have taken effective evasive action to have avoided the collision.
For the foregoing reasons the judgment appealed from awarding plaintiff damages against defendants is hereby reversed and plaintiff's demands are rejected; the judgment appealed from rejecting the demands in reconvention is affirmed.
All costs, including this appeal, are to be paid one-half by plaintiff and one-half by defendants.