PRICE, Judge.
Douglas Ray Johnston brought this tort action seeking damages for personal injuries, medical expenses and loss of wages resulting from injuries received by him in a vehicular collision on Louisiana Highway 183 in Richland Parish on January S, 1972. Defendants are James Boston, an employee of Maxwell Hardware & Lumber Company, and Gulf Insurance Company, the employer’s liability insurer.
As plaintiff attempted to execute a left turn from Highway 183 into a private drive, his 1965 Chevrolet sedan was struck by a pickup truck driven by Boston which had overtaken and was passing plaintiff’s automobile.
Plaintiff contended the accident was due solely to the negligence of Boston in traveling at an excessive speed and failing to bring his vehicle under proper control when he saw or should have seen plaintiff’s vehicle slowing and the signal given indicating his intent to make a left turn.
Boston and Gulf answered denying negligence on the part of Boston and alleging the accident was caused solely by the negligence of plaintiff in attempting a left turn without first ascertaining it could be made in safety and in failing to yield the right-of-way to Boston’s vehicle which was then engaged in a lawful passing maneuver.
Defendants alternatively plead the doctrine of contributory negligence as a bar to plaintiff’s recovery. Gulf reconvened seeking reimbursement from plaintiff for the amount paid Boston for disability resulting from the accident under a policy of workmen’s compensation insurance issued to Maxwell Hardware.
After trial on the merits, the district court found both drivers guilty of negligence which was a proximate cause of the accident and rejected the demands of plaintiff and those of Gulf in its reconven-tional demand.
Plaintiff perfected this devolutive appeal. Gulf has not appealed nor answered plaintiff’s appeal asking for any modification of the judgment. Thus the sole question to be considered on this appeal is the correctness of the trial judge’s finding plaintiff was contributorily negligent.
The issue involved is primarily factual in nature, and we do not find the appellant has shown any manifest error in the conclusion reached by the trial judge which would justify a change in the judgment appealed from.
The trial judge has favored us with written reasons for judgment setting forth very concisely and accurately a description of the accident and a resumé of the testimony of the several witnesses to the accident.
As our interpretation of the facts leading up to the accident and our understanding of the testimony is substantially in accord with that given by the trial judge, we find it appropriate to incorporate the following pertinent excerpts from his opinion into our reasons for judgment:
“This accident happened on January 5, 1972, at about noon or shortly thereafter *657 on Louisiana Highway 183, in Richland Parish. This road is the usual rural black-topped highway, and at the point of the accident is straight and level, and at the time was dry and the visibility good. Plaintiff was driving his 1965 Chevrolet four-door sedan in a southerly direction on said highway, ... At the time of the accident he was making a left turn from the highway towards or into the driveway of his home. Defendant Boston was driving his employer’s 1971 Chevrolet pick-up truck on this highway, also traveling in a southerly direction and following plaintiff’s vehicle. Boston had made a delivery of lumber and supplies to a customer in the Goodwill Community area and was returning to his place of employment in Delhi, Louisiana. The versions of Johnston and Boston as to how the accident happened are different, but accepting the testimony of each, we conclude that both were guilty of negligence which contributed to the accident. James Stampley, plaintiff’s brother-in-law, was riding in plaintiff’s car, and to some extent, sup ports plaintiff’s version of the accident.
“I will first discuss defendant, Boston’s testimony. According to him, he was traveling in a southerly direction on said highway, and saw plaintiff’s car ahead of him. He says that plaintiff’s car stopped in the highway at about the driveway in question, and then started to backing up in the highway to a mail box and stopped. At that time, according to Boston, he was at a wooded area (which is shown to be about 450 feet from the driveway) and he began blowing his horn, and continued on to pass plaintiff. He saw no left-turn signal, and as he neared plaintiff he got into the left or passing lane when plaintiff started to make his left turn into the driveway in front of him. He did not have time to even attempt to apply his brakes and this accident resulted. Boston testified that he was driving about 50 to 55 miles per hour, but at the time of the accident had showed down to about 40 or 45 miles per hour. It should be noted here that at this point the legal speed limit was 60 miles per hour, there was no prohibition against passing, and no other traffic or vehicles were near. State Trooper Lewis testified that Boston told him he was driving 60 miles per hour at the time. The trooper also testified that there were no marks or other indications that Boston applied his brakes.
“Boston was rather confused as to distances, but his pertinent testimony is as follows:
“ ‘I saw him before then, I saw him before he stopped ahead of me and started backing back towards me, but I was about that far when I seen him coming back to me, but he stopped and started backing up towards me.’ (Tr. 38)
“At this time he was apparently about 450 feet (or 150 yards) behind plaintiff, and according to him he blew his horn and started his passing maneuver.
“Assuming Boston’s version of this accident to be correct, he saw a potentially dangerous situation develop in front of him, and admitted that he thought plaintiff might do something but he didn’t know what he was going to do. Instead of applying his brakes and slowing down to a speed where he may have avoided the accident, he reduced his speed little, if any, and continued on to pass plaintiff. He did this in spite of the fact that he testified that he could have slowed down much more if necessary. Because of this situation as shown by his own testimony we believe defendant Boston was negligent.
“However, plaintiff's own testimony convicts him of contributory negligence. He testified that he was driving south on the highway at about 60 miles per hour, and that when he was at the wooded area (which was about 450 feet from *658 the driveway) he looked in his rear view mirror and saw defendant Boston’s truck some distance back. At that point he says he turned on his left-turn blinkers. When he reached some fence posts by the road (about 225 feet from the driveway) he again looked in his mirror and saw defendant Boston behind him, at which time he rolled down his glass and gave an arm signal. He did not look again to see where the following vehicle was, or to determine whether his turn could be made in safety, but, relying solely on the signals, made his left turn maneuver and this accident resulted. . . .
“In other words, when plaintiff was about 225 feet from the driveway he saw defendant behind him, but continued on to make his left turn without looking again to see where the following vehicle was, or that his turn could be safely made. We believe that this constitutes negligence which contributed to the accident.”
Appellant relies primarily on the cases of Miller v. Firemen’s Insurance Company, 256 So.2d 649 (La.App. 2d Cir. 1972); Stewart v. Robert et al., 262 So.2d 139 (La.App. 1st Cir. 1972); and Adams v. Travelers Indemnity Company et al., 277 So.2d 685 (La.App. 2d Cir. 1973). These cases are cited to support his argument Johnston made a sufficient observation for following traffic prior to commencing his turn.
Recovery was allowed to the left-turning motorist from the passing driver in the cited cases. However, the circumstances in each of these cases are distinguishable from the present case. In Adams, the passing motorist attempted to pass in a prohibited zone and at an excessive speed. In Stewart and Miller, the trial court found as a fact the left-turning motorist gave a proper signal and made an observation to his rear just prior to beginning the turn.
In this case, Johnston admits no further observation was made to his rear during; the time he traveled the last 225 feet prior to commencing his turn. We conclude, as did the trial judge, this omission was negligence which was a proximate cause of this accident.
Appellant also urges the application of the doctrine of last clear chance to allow him to recover. Even assuming Boston was not as cautious as he should have been after noting a potentially dangerous situation arising, we do not find the circumstances of this case lend themselves to the application of this doctrine. See Burge v. Doty, 279 So.2d 273 (La.App. 2d Cir. 1973).
For the foregoing reasons, the judgment appealed from is affirmed at appellants’ costs.