BOLIN, Judge.
These causes, consolidated for trial and on appeal, arose out of an automobile-truck collision on Louisiana Highway No. 3 approximately 3.8 miles north of the city limits of Bossier City, Louisiana. Both vehicles were proceeding north on the state highway when the automobile driven by R. D. Cason, having successfully completed a passing maneuver around two tractor-trailer trucks, attempted to pass a truck driven by E. R. Pickier who at that time was attempting a left turn onto a gravel road. Cason was unable to turn his vehicle back into the right lane of traffic and his automobile struck the rear corner of the truck as it was completing its turn. Cason sustained fatal injuries and his wife, Carlyn A. Cason, a guest passenger, suffered minor injuries.
Suit No. 12,592 is a wrongful death and survivors’ action brought by Mrs. Cason, Billy F. Cason, and Connie Loreece Cason Gonzalez, the widow and children of the deceased. Suit No. 12,593 is an action brought by Mrs. Cason for her personal injuries. Made defendants in both suits were Pickier, the driver of the truck; Wendell Formby, owner of the truck; and Fireman’s Insurance Company, the uninsured motorist carrier of R. D. Cason. In suit No. 12,593 Fireman’s Insurance Company, public liability insurer of R. D. Ca-son, was also made a third-party defendant by the defendants in the main demand seeking contribution in the event of an adverse judgment against them and a finding that Cason was contributorily negligent. A motion for summary judgment was filed in both suits and sustained dismissing the demands of the original plaintiffs against Fireman’s Insurance Company but reserving their rights against all other defendants.
In suit No. 12,593 judgment was rendered in the trial court in favor of Mrs. Cason against defendant Pickier for $1077.00. All claims against Formby were rejected but no mention was made of the third-party demand against Fireman’s Insurance Company. Pickier appeals, but Mrs. Cason did not timely perfect an appeal nor answer the appeal.
In suit No. 12,592 judgment was rendered in favor of Mrs. Cason and her two children against Pickier for a total amount of $67,456.00. All claims against Formby were rejected. From this judgment Pickier appeals.
Before this court defendant Pickier complains that the trial court erred in finding him guilty of negligence which was the proximate cause of the accident and in the alternative in failing to find that R. D. Ca-son was guilty of contributory negligence.
The trial court based its finding of negligence on the part of Pickier on the fact that he turned left in front of the Ca-son vehicle which should have been visible *656 in the passing lane if he had looked in his rearview mirror. The evidence in the record supports this conclusion.
Pickier testified that he did look into his rearview mirror and that he did not see any traffic in the passing lane. A. C. Lusk, Jr., driver of an automobile following Cason, testified, however, that he followed Cason as he passed the first truck and then moved back into the right lane between the two tractor-trailer trucks before determining whether to pass the second truck, at which time the Cason vehicle accelerated and he saw that the truck driven by Pickier was making a left turn in front of Cason. Alfred R. Huddleston, Jr., a passenger in the Lusk vehicle, testified that the left turn of the truck was sudden and that it angled off toward the turn, at which time Cason applied the brakes and turned the automobile to the right. A. L. Maddox, driver of an automobile which had been following behind the Lusk vehicle, also testified that the truck veered across the center line in front of Cason.
We find, therefore that Pickier was negligent in making a left turn as he did with vehicles present in the passing lane behind him which he should have seen had he looked.
As to the alternative allegation of contributory negligence on the part of Cason, defendant maintains that Cason was traveling at an excessive rate of speed and that he attempted to pass at an intersection in violation of Louisiana Revised Statutes 32:76, subd. A (2) (Louisiana Highway Regulatory Act).
The speed limit at the point of the highway where the accident occurred was 60 miles per hour. The trial court determined that Cason was traveling approximately 70-75 miles per hour as he accelerated around the second truck, but found that this speed was not a cause of the accident. The preponderance of the evidence is that the Cason vehicle was proceeding at a rate of at least 75 miles per hour. Based on his own speed, Lusk estimated Cason’s speed to be between 75 and 80 miles per hour, as did Huddleston. The state trooper, Dalton W. Little, who arrived at the scene to investigate the accident, was of the opinion that the speed of the Cason vehicle was about 75 miles per hour based on the skid marks of the vehicles and other physical evidence. Considering the fact that the truck had almost completed the turn off the highway when it was hit, we find that Cason’s high rate of speed was excessive and a legal cause of the accident. It is therefore unnecessary to consider whether there was a passing maneuver attempted at an intersection in violation of the Louisiana Highway Regulatory Act.
We find that Cason was cOntributorily negligent, thus barring recovery in suit No. 12,592 on all causes arising from his death; accordingly, the judgment against E. R. Pickier and in favor of plaintiffs is reversed and their demands are rejected at their cost.
The judgment in suit No. 12,593 against Pickier and in favor of plaintiff, Mrs. Cason, is affirmed. However, since defendant Pickier has appealed and his third-party demand against Fireman’s has not been dismissed and since we have found R. D. Cason to have been guilty of actionable negligence, we conclude Pickier is entitled to contribution from Fireman’s. Accordingly, it is ordered that there be judgment on the third-party demand in suit No. 12,593 in favor of E. R. Pickier awarding him the right to contribution from Fireman’s Insurance Company for one-half of any amount Pickier pays under this judgment. All costs of this suit are to be borne equally by E. R. Pickier and Fireman’s Insurance Company.
Before BOLIN, PRICE, HALL, DENNIS and MARVIN, JJ.