COVINGTON, Judge:
Plaintiff, Ralph Fall, brought this action for damages for personal injuries and property damage resulting from an automobile accident which occurred in Baton Rouge, Louisiana, on June 15,1974, at about 9:00 a. m. Plaintiff’s automobile collided with a Volkswagen automobile owned by Gerald Didier and driven by Duane Didier.
*1084 The Didiers and their insurer, Reliance Insurance Company, were named defendants. Alternatively, the plaintiff sued his own insurer, The Travelers Insurance Company, for collision damages.
After trial the district court found that the plaintiff was guilty of negligence which was a proximate cause of the accident and thus barred his recovery.' The plaintiff has appealed this judgment. We affirm.
The accident in question occurred at approximately 9:00 a. m., on June 15,1974, on I — 10 within the city limits of Baton Rouge. Plaintiff was proceeding in an easterly direction on I — 10 at a speed of 70-75 miles per hour when he suddenly came upon the Didier vehicle proceeding in the same lane of traffic in the same direction at 50-55 miles per hour. Only a few minutes earlier, the Didier vehicle had changed from the center lane to the left lane of traffic. The plaintiff ran into the rear of the slower moving Didier automobile. Following the collision both vehicles continued down the highway for a considerable distance. Although the cars sustained substantial damage, neither driver suffered any serious injury-
In his testimony the plaintiff admitted to driving 70 to 75 miles per hour. Witnesses who had observed the vehicles just prior to the accident testified to the high rate of speed of his car. The plaintiff also admitted to having worked all night, and that he was returning to his home in Avoyelles Parish without having slept. He also admitted to having consumed two or three beers.
Defendant Didier, driver of the Volkswagen, admitted to driving 50-55 miles per hour and to having changed traffic lanes shortly before the accident. He also admitted telling the plaintiff that he was at fault.
Considering the evidence produced at the trial, the trial judge remarked in his oral reasons for judgment:
“Taking all the factors into consideration, the fact that he (the plaintiff) admits following another vehicle at a high rate of speed, by his own admission going seventy to seventy-five miles an hour, after being up all night long, after consuming, by his own admission, three beers and had bought a six pack, after admitting that he didn’t see that vehicle, after admitting that as he topped the hill the vehicle (Didier) was there, when, in fact, the collision took place a little further on down the road, and I think all these factors certainly contributed to the accident. Had he been driving at the speed limit, had he had a good night’s sleep, had he not consumed a minimum of three beers, I doubt very seriously if this accident would have occurred.”
The finding by the trial court that the plaintiff was operating his vehicle at an excessive rate of speed, after having been awake all night and after having consumed several beers is a finding of fact which we can overrule only upon a showing of manifest error. Canter v. Koehring Company, 283 So.2d 716 (La.1973). In Canter the Supreme Court pointed out that it is not the function of the appellate court to substitute its own evaluations of fact where there is support for the trial court’s finding in the record.
In this case the record does not disclose any manifest error. In response to a question concerning his rate of speed, the plaintiff testified that he imagined he was going “seventy, maybe seventy-five. I really don’t know.” H. E. Ruppert, who was driving a vehicle which moments before had been passed by the Fall vehicle, testified that he would estimate it was traveling “in excess of seventy-five miles an hour.” Mr. Ruppert also estimated the distances the two vehicles traveled after the collision. His testimony on this point was:
“Well, the Volkswagen didn’t go very far because it lost a tire which I picked up out of the highway and threw to the side. The other one bounced — After it came out of the dust, I saw it bounce off the concrete median on down the way and out of the dust probably the length of a football field.”
*1085 Two other witnesses corroborated this testimony to the effect that the Pall vehicle was traveling at a high rate of speed just prior to the collision.
The speed limit at the point of the interstate highway where the accident occurred was 55 miles per hour. The trial court determined that Fall was traveling 70-75 miles per hour just prior to the mishap and found that under the circumstances this excessive speed was a proximate cause of the accident. The evidence supports this finding. We agree that Fall’s high rate of speed was excessive under the circumstances and a proximate cause of the accident. Cason v. Formby, 317 So.2d 654 (La.App. 2 Cir. 1975), writ den., 318 So.2d 40 (La.1975); Fidelity & Cas. Co. of N. Y. v. Aetna Life & Cas. Co., 244 So.2d 255 (La.App. 3 Cir. 1971).
The appellant cites as authority for reversal of the trial court’s judgment a line of Louisiana jurisprudence holding that the “exceeding of a fixed speed limit does not constitute contributory negligence where it has no causal connection with the accident in question.” Tallo v. Johnson, 255 So.2d 446, 449 (La.App. 1 Cir. 1971), writ ref., 260 La. 704, 257 So.2d 157 (1972); Thayer v. State Farm Mutual Automobile Insurance Co., 229 So.2d 767 (La.App. 3 Cir. 1969), writ ref., 255 La. 233, 230 So.2d 89; American Road Insurance Company v. Irby, 203 So.2d 427 (La.App. 2 Cir. 1967); Ledet v. Fireman’s Fund Insurance Company, 199 So.2d 7 (La.App. 4 Cir. 1967), writ den., 251 La. 25, 202 So.2d 648.
In the Tallo case the speeding driver was sued by the left-turning driver. The court held that the plaintiff had failed to carry the burden of proof that the left-turn maneuver could have been executed in safety.
In the Thayer case the speeding driver sued the driver who had failed to yield the right-of-way at an intersection. The court concluded that the accident would have occurred even though the plaintiff had been driving at the legal rate of speed.
In the Irby case the speeding driver sued the left-turning driver who had failed to stop before entering a right-of-way street. The court concluded that the accident would not have been avoided even had the plaintiff been driving at the legal rate of speed.
In the Ledet case the speeding driver sued the driver failing to yield the right-of-way at an. intersection. The defendant pulled from a side street onto a four-lane highway directly into the plaintiff’s path. The defendant, who was also making a left turn, failed to stop before entering the major highway. The plaintiff was driving at a rate of speed within the legal limit. The court found, as a matter of fact, that there was no convincing proof to show excessive speed on the part of the plaintiff, and “there was no evidence produced to show that the alleged excessive speed of Ledet was a proximate cause of this accident.”
We find cited cases inapposite. They are factually distinguishable from the instant case. Each case must stand on its own facts, as we all know, and this Court finds the evidence supports the holding of the trial court in the instant case that the excessive speed of the Fall vehicle was a proximate cause of the collision and the damages resulting therefrom.
For the reasons assigned, the judgment of the district court is affirmed. Appellant is assessed with all costs.
AFFIRMED.