AYRES, Judge.
This action in tort arises out of a motor vehicle collision of January 30, 1969, at the intersection of Broadway and Elliott Streets in Shreveport. Plaintiff sought to recover damages for personal injuries, medical expenses, loss of wages, and property damage to her automobile.
Involved in the accident were a 1961 model Chevrolet, owned and operated by plaintiff, and a Ford Falcon, owned by David Gerald Jackson, and driven at the time by his wife, Billie H. Jackson. Made defendant in addition to Jackson and his wife was their insurer, Allstate Insurance Company. Jackson, through a reconven-tional demand, sought to recover damages sustained to the Falcon automobile.
There was judgment in favor of plaintiff against the defendants in solido as follows :
Personal injuries $ 750.00
Physician’s services 55.00
Drugs and medication 15.00
Loss of wages 40.80
Damage to automobile 147.32
Total $1,008.12
Defendant Jackson’s reconventional demand was rejected. From the judgment in plaintiff’s favor all defendants suspensively appealed. Jackson appealed devolutively from the judgment rejecting his reconven-tional demand.
Broadway is a 4-lane thoroughfare and runs in a general north and south course, with two lanes for traffic for each direction, separated by a marked center line. Elliott, a 2-lane street, intersects Broadway at right angles. Plaintiff was proceeding south on Broadway intending to make a left turn into Elliott. Mrs. Jackson was proceeding north on Broadway.
The accident occurred about 7:52 a. m. Traffic on Broadway at the time was heavy; rain was falling and the streets were wet. On approaching the Elliott Street intersection plaintiff engaged her blinker lights indicating her intention to make a left turn. After coming to a stop to await the passage of oncoming traffic, the left front wheel of plaintiff’s vehicle extended a foot or a foot-and-a-half across the center of Broadway. Plaintiff’s testimony in this respect is corroborated by that of a disinterested witness who lived about 75 to 100 feet from the street intersection and saw the accident, and by that of the investigating police officer. When at a distance of about a block away, Mrs. Jackson admittedly saw plaintiff’s automobile stopped at the intersection awaiting the passage of traffic to make a left turn.
Appellants assign as error the failure of the trial court to find that the accident was due solely to plaintiff’s negligence in attempting to make a left turn in front of the Jackson vehicle. In brief and in argument before this court, appellants contend there is a presumption of negligence on the part of plaintiff since the collision occurred in defendant’s lane of travel. Thus it is contended plaintiff was under a burden to establish her freedom from fault which otherwise would bar her recovery. Defendants also contend that a mo *157 torist in the act of making a left turn at the time of an accident likewise has the burden of establishing a lack of negligence on his part.
With these principles, we are in accord. However, our review of the record reveals they are inapplicable to the particular factual situation presented here. In this regard, we point out that the trial court obviously did not find from the record, nor do we, that plaintiff attempted a left turn directly in front of defendant’s vehicle. Plaintiff’s vehicle was stopped and remained at a complete stop from the time the defendant driver saw, or should have seen, it at a distance of approximately a block away until it was struck by defendant’s vehicle.
If it be assumed that plaintiff was negligent in placing a portion of her vehicle slightly across the center line of the street while awaiting a clearance of traffic in preparation for making a left turn, the issue presented here is whether such negligence, contributory or otherwise, bars plaintiff’s recovery in the face of the fact that defendant saw plaintiff’s car in the position above described when about a block away and when the defendant driver had time, distance, and opportunity to avoid the accident, but failed to do so.
Motorists are under a constant and never-ceasing duty to make appropriate observations of traffic conditions; that what they could see or should have seen by the exercise of due diligence, they are charged with having seen; and the failure to see that which they could see by the exercise of due diligence does not absolve them of liability. While this principle is so well settled as to obviate the citation of authorities therefor, we may point out that in Rottman v. Beverly, 183 La. 947, 165 So. 153 (1935), and Jackson v. Cook, 189 La. 860, 181 So. 195 (1938), the rules pertaining to the doctrine of last clear chance or of discovered peril were recognized and have since been uniformly adhered to in the jurisprudence of this State.
In the first of these cases, it was held that where a defendant fails to perform a duty of averting injury to a plaintiff discovered to be in peril because of his own negligence, which could be averted by the exercise of due diligence, the doctrine of last clear chance applies. Further, plaintiff may recover damages inflicted upon him by the acts of the defendant although plaintiff’s negligence continues to the time of the accident.
In the latter case, the rule was extended to those who, by the exercise of due diligence, could have discovered the other’s peril but failed to do so. Thus it was held that a motorist who was negligent in failing to keep a proper lookout was liable, under the last-clear-chance doctrine, for striking a pedestrian walking on a highway at night, notwithstanding that the motorist did not actually discover the pedestrian’s peril until, by reason of the lack of distance and time, he was without an opportunity to prevent the accident though he could have discovered the pedestrian’s peril if he had been looking ahead.
We are convinced, if plaintiff was guilty of negligence in stopping when and where she did, placing herself in a position of peril, she was ignorant thereof.
Prerequisites for the application of this doctrine are (1) that the plaintiff was in a position of peril of which he was unaware or from which he was unable to extricate himself; (2) that defendant discovered, or was in a position to discover, plaintiff’s peril; and (3) that, at that time, the defendant could have, with the exercise of reasonable care, avoided the accident. Evans v. Thorpe, 175 So.2d 418 (La.App., 2d Cir. 1965) and cases therein cited.
The proof is clear and convincing the defendant driver was not maintaining a proper lookout and was in a position to discover plaintiff’s perilous condition in the street intersection by the exercise of due diligence and reasonable care. For the distance of approximately a city block, defendant driver was in a position to ob *158 serve, and admittedly did in fact observe, plaintiff’s position, and could, by the exercise of due diligence, have avoided the accident. She could have applied her brakes to reduce her speed and, if necessary, could have awaited the clearance of her right-hand traffic lane to afford a change or partial change of lanes to avoid contact with plaintiff’s vehicle. Defendants’ driver had both time and opportunity, in the distance to be traveled, after seeing plaintiff’s vehicle, to reduce her speed and maneuver her car slightly to the right or even bring it to a stop, if necessary, to avoid the accident. None of these did she do or attempt to do.
The facts, in our opinion, bring this case clearly within the doctrine of last clear chance. This conclusion is predicated upon the assumption of plaintiff’s negligence.
No issue is presented as to the quantum of the award.
Hence, the judgment appealed is accordingly affirmed at defendants-appellants’ costs.
Affirmed.