483 So.2d 1082 (1986)
Betty HAWKINS et al., Plaintiffs-Appellants,
v.
James M. GILFOIL, Sr. and United States Fidelity & Guaranty Insurance Company, Defendants-Appellees.
No. 17502-CA.
Court of Appeal of Louisiana, Second Circuit.
January 22, 1986.
*1083 William E. Armstrong, Monroe, for plaintiffs-appellants.
Theus, Grisham, Davis & Leigh by Phil D. Myers, Monroe, for defendants-appellees.
Before MARVIN, FRED W. JONES and SEXTON, JJ.
FRED W. JONES, Jr., Judge.
On June 1, 1983 Betty Hawkins was driving a car owned by Aubrey Newton south on Highway 65 in Madison Parish. Passengers in the vehicle were the driver's minor son, Adam Hawkins, and the owner, Newton. Preceding Mrs. Hawkins on Highway 65 were a "bobtail" truck and, in front of that, a pickup truck driven by James Gilfoil, Sr. Mrs. Hawkins had turned into the northbound traffic lane and started to pass both of the described preceding vehicles when Gilfoil turned left across the northbound lane to enter a private road. The car driven by Mrs. Hawkins struck the Gilfoil truck on the left rear quarter panel.
Mrs. Hawkins, individually and on behalf of her minor son, and Newton filed suit against Gilfoil and his liability insurer, United States Fidelity and Guaranty Company ("USF & G") for damages allegedly sustained in the accident. Gilfoil and USF & G answered, denying liability and, in the alternative, accused Mrs. Hawkins of contributory negligence. Gilfoil filed a reconventional demand against Mrs. Hawkins and her liability insurer, Allstate Insurance Company ("Allstate") for his damages.
*1084 After trial, judgment was rendered in favor of Gilfoil and USF & G rejecting the demands of the original plaintiffs. Conversely, Gilfoil received judgment on his reconventional demand for $500 in general damages and $1100 ($100 deductible and $1000 depreciation) for property damage.
Mrs. Hawkins and Allstate appealed, claiming the trial court erred in: (1) finding Mrs. Hawkins negligent and Gilfoil free of negligence; (2) awarding Gilfoil $500 for pain and suffering; and (3) awarding Gilfoil $1000 for depreciation of his vehicle.
The record supports the trial judge's finding that Mrs. Hawkins was negligent in driving at a rate of speed which exceeded the posted speed limit, crossing the solid yellow line in her lane, and failing to keep a proper lookout in that she failed to heed Gilfoil's left turn signal. However, the trial judge erred in finding Gilfoil completely free of negligence. The negligence of both motorists substantially contributed to this accident.
La.R.S. 32:104 imposes a very high degree of care on a driver making a left turn. A left turn is a dangerous maneuver and the driver has a duty not to attempt the turn until it may be completed safely without danger to overtaking traffic. Ginlee v. Helg, 251 La. 261, 203 So.2d 714 (La.1967); Motors Insurance Corporation v. Howell, 266 So.2d 240 (La.App. 2d Cir. 1972). A motorist in the act of making a left turn has the burden of establishing a lack of negligence on his part. Lewis v. Allstate Insurance Co., 250 So.2d 155 (La. App. 2d Cir.1971).
A motorist intending to make a left turn must not be content with merely giving a signal indicative of his intent but he must look before turning to ascertain if the turn can be made in safety. Evans v. Thorpe, 175 So.2d 418 (La.App.2d Cir.1965); Crane v. London, 152 So.2d 631 (La. App.2d Cir.1963). A left-turning motorist has the duty to check for passing traffic before actually commencing a left turn by turning across the center line. If an overtaking vehicle is already in the passing lane at the time the left-turning motorist actually commences the turn, then the left-turner is negligent in making the turn at a time when it is unsafe to do so. Jones v. Hall, 419 So.2d 523 (La.App.2d Cir.1982); Choate v. Louisiana Farm Bur. Mut. Ins. Co., 384 So.2d 511 (La.App.2d Cir.1980). Motorists are under a constant duty to make appropriate observations of traffic conditions. The failure to see that which could be seen by the exercise of due diligence does not absolve a motorist of liability. Lewis, supra; Evans, supra. Looking but not seeing what was there to be seen is tantamount to not looking at all. Mullins v. Travelers Insurance Co., 324 So.2d 613 (La.App.2d Cir.1975).
This accident took place on a flat straight road. It was a clear day and there were no impediments to a driver's vision. Gilfoil testified he looked in his rearview mirror before he attempted to turn. Had he actually looked to the rear prior to attempting his left turn, Gilfoil would have seen the vehicle driven by Mrs. Hawkins. The state trooper who investigated the accident ticketed Gilfoil for making an improper left turn. He felt Gilfoil's attention was directed at the bobtail truck behind him and not on the vehicle driven by Mrs. Hawkins, which must have been in the passing lane when Gilfoil began his left turn. Gilfoil's action in commencing his left turn when it was unsafe to do so amounted to negligence, for it was clearly a substantial factor in causing the accident.
A motorist turning into a private road has a higher standard of care and is entitled to rely less on what can be expected of an overtaking motorist than one who is turning into a public road. Howell, supra.
Since we have determined that Gilfoil was also instrumental in causing this accident, we must now quantify the fault of the parties. Having found Mrs. Hawkins guilty of negligence through violation of statutorily imposed duties and in failing to keep a proper lookout, we further hold that Gilfoil was also comparatively negligent *1085 in making an improper left turn and for failing to observe the passing vehicle. We therefore determine that Mrs. Hawkins was 60% at fault and Gilfoil was 40% at fault in causing this accident.
We cannot say the trial judge abused his discretion in awarding Gilfoil $500 for stiffness, even though he failed to see a doctor or take medication. Since we have determined Gilfoil was also at fault in causing this accident, it becomes necessary to assess the injuries sustained by plaintiffs.
The injuries caused by this accident were relatively minor. Mrs. Hawkins claims her stomach hit the steering wheel resulting in some discomfort. This was diagnosed as gastritis caused not by the trauma received in the accident but by stress indirectly related to the accident. Medical expenses totaled $481 (Dr. Neumann $96 and Dr. Chin $385). An award of $250 for pain and suffering is appropriate under these circumstances.
Adam Hawkins hurt his left leg. A splint was required for three weeks. The youngster dragged his leg for four weeks after the splint was removed. He cried when the accident occurred and experienced some pain. No further problems are indicated. Medical expenses totaled $529 (Dr. Neumann $104 and Dr. Chin $425). An award of $1000 for pain and suffering is proper.
Clayton Cox, a car dealer, testified the accident caused the Gilfoil vehicle to be depreciated $2000. After repairs were made, however, Gilfoil traded the vehicle in on a new one. No testimony was adduced that Gilfoil did not receive the fair market value of the vehicle. Thus, there was insufficient evidence to support an award for depreciation.
No evidence was presented to support Newton's damage claim.
Decree
For the reasons set forth, the judgment of the trial court is recast to read as follows:
On the main demand, IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in favor of Mrs. Betty Hawkins and against James Gilfoil, Sr. and United States Fidelity and Guaranty Company, in solido, for $292.40 ($731.00 less $438.60) together with legal interest from date of judicial demand until paid; and that there be judgment in favor of Mrs. Betty Hawkins, as tutrix for the minor, Adam Hawkins, and against James Gilfoil, Sr. and United States Fidelity and Guaranty Company, in solido, for $611.60 ($1529.00 less $917.40) together with legal interest from date of judicial demand until paid;
On the reconventional demand, IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in favor of James Gilfoil, Sr. and against Mrs. Betty Hawkins and Allstate Insurance Company, in solido, for $360 ($600 less $240) together with legal interest from date of judicial demand until paid.
All other demands are denied.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all costs, including both those in the trial court and on appeal, are assessed 60% to Mrs. Betty Hawkins and Allstate Insurance Company and 40% to James Gilfoil, Sr. and United States Fidelity and Guaranty Company.