LeBLANC, Judge.
This appeal involves a negligence claim brought by plaintiffs, Robert J. Kropog, Jr. and Charles Patrick Sullivan, against defendants, Harriet L. Carlson and her automobile insurer, Middlesex Insurance Co., for injuries sustained in a collision between a motorcycle and an automobile.
On January 18,1984, Robert Kropog and Charles Sullivan were riding a motorcycle, traveling southbound, on a two lane undivided highway. Mr. Kropog was driving the motorcycle and Mr. Sullivan was a passenger. Harriet Carlson was driving her automobile northbound on this highway. Hazel Perrault was also driving northbound on this highway and was following immediately behind Mrs. Carlson’s automobile.
Mrs. Carlson made a left turn, crossing through the southbound lane, when she reached her home. Mrs. Carlson’s automobile safely completed the left turn. However, Mr. Kropog took evasive action, by turning his motorcycle on its side, to avoid collision with Mrs. Carlson’s automobile. The motorcycle skidded into the northbound lane, striking Mrs. Perrault’s automobile, thereby causing bodily injury to Mr. Kropog and Mr. Sullivan.
Plaintiffs filed suit against Mrs. Carlson and her insurer, Middlesex Insurance Co., alleging that the accident and the resulting injuries were caused by Mrs. Carlson’s negligence. After a trial by jury, a verdict was returned finding both Mrs. Carlson and Mr. Kropog at fault and that this fault was a legal cause of the damages to the plaintiffs. The percentage of fault assigned by the jury to Mrs. Carlson was 50 percent with the remaining 50 percent assigned to Mr. Kropog. The jury awarded *344 Mr. Kropog $1,000.00 for physical injuries suffered, $2,000.00 for mental and physical pain and suffering and $250.00 for medical expenses. The jury awarded Mr. Sullivan $100.00 for physical injuries suffered, $100.00 for physical and mental pain and suffering and $200.00 for medical expenses. The trial court rendered a judgment in conformance with the findings of the jury. Plaintiffs appeal.
The issues presented on appeal are:
(1) Was the jury manifestly erroneous in assigning fifty (50%) percent comparative fault to the appellant, Robert Kropog?
(2) Are the damages awarded by the jury to the appellants inadequate, resulting in an abuse of the jury’s discretion?
Regarding the first issue, appellant, Robert Kropog, argues that the record is void of any facts which would establish that he was negligent, except for testimony by Louisiana State Trooper Winne, who arrived at the scene of the accident shortly after it occurred and investigated the accident. Trooper Bryan Winne testified that an unknown person stopped at the scene of the accident and stated that appellant had been traveling faster than the speed which he claimed he was driving, 45 miles per hour, and that appellant had passed a vehicle prior to the accident. During the trial, appellant objected to this testimony as hearsay evidence but the objection was overruled. Appellant claims that without this hearsay evidence, the jury would not have found that he was at fault in this accident.
Since the statement of the out-of-court declarant was being offered in court to prove the truth of the matters asserted therein, Trooper Winne’s testimony regarding that statement was hearsay. However, we must determine whether appellant has been prejudiced by the admission of this statement into evidence. In the present case, Mr. Sullivan testified that he thought Mr. Kropog was driving faster than 40 to 45 miles per hour within a mile or two before the accident. The hearsay testimony of Trooper Winne, regarding the speed that Mr. Kropog was driving before the accident occurred, merely corroborated Mr. Sullivan’s testimony. The hearsay statement that Mr. Kropog passed a vehicle prior to the accident does not establish any fault on plaintiff’s part. Therefore, we find that Trooper Winne’s hearsay testimony was not prejudicial to appellant. See Clouatre v. Toye Brothers Yellow Cab Company, 193 So.2d 344 (La.App. 4th Cir.1966), writ refused, 250 La. 270, 195 So.2d 147 (1967).
Moreover, we find that the jury’s verdict was manifestly erroneous. Even in view of the hearsay testimony, we find that there is no evidence upon which the jury could have reasonably based its finding that Robert Kropog was at fault in the accident. The accident occurred in the evening around dusk. The headlights of each vehicle involved in the accident were illuminated. Mrs. Carlson made a left turn directly in front of appellant’s motorcycle. Mrs. Carlson testified that she saw a vehicle proceeding towards her in the southbound lane but that it was at least ten car lengths away from her vehicle when she made the turn. If Mrs. Carlson’s testimony regarding the distance of the vehicle is accurate and if this vehicle was Mr. Kro-pog’s motorcycle, Mr. Kropog’s evasive action of turning his motorcycle on its side would not have been reasonable. However, both Mr. Kropog and Mr. Sullivan testified that Mrs. Carlson made the left turn when the motorcycle was only 35 to 40 feet in front of her vehicle. This testimony was corroborated by Mrs. Hazel Perrault, who was driving behind Mrs. Carlson. Mrs. Perrault testified that she was very surprised when she saw Mrs. Carlson’s vehicle turn left because the motorcycle was very close to Mrs. Carlson’s vehicle when she made the turn. Therefore, we find that appellant acted reasonably in turning his motorcycle on its side in order to avoid a collision with the Carlson vehicle.
Furthermore, the testimony presented by Trooper Winne and Charles Sullivan regarding the speed that Mr. Kropog was traveling before the accident does not establish that Mr. Kropog was speeding. *345 The posted speed limit in the area was 55 miles per hour. Mr. Kropog testified that he was traveling about 45 miles per hour when the accident occurred. The testimony by Mr. Sullivan that he thought Mr. Kropog was driving faster than 45 miles per hour about one or two miles before the accident does not prove that Mr. Kropog was going faster than the 55 miles per hour speed limit either before the accident or at the moment of the accident. The hearsay testimony by Trooper Winne does not prove that appellant was speeding. It too does not establish that appellant was traveling faster than 55 miles per hour. It merely states that appellant was traveling faster than 45 miles per hour at some point on the highway before the place where the accident occurred.
Based on these facts, we determine that Mrs. Carlson was 100 percent at fault in causing this accident.
The second issue is whether damages awarded by the jury to appellants are so low as to amount to an abuse of the “much discretion” afforded by La.Civ.Code art. 1999. In reviewing the awards to determine if there has been an abuse of this “much discretion”, we must first look to the facts and circumstances of this particular case. If we determine that the award is inadequate, we may then use prior awards as an aid in fixing an appropriate award. Reck v. Stevens, 373 So.2d 498 (La.1979). The award may be amended by raising it to the lowest point which is reasonable within the discretion afforded the trier of fact. Emerson v. Empire Fire & Marine Ins. Co., 393 So.2d 691 (La.1981).
Mr. Charles Patrick Sullivan argues that the award of $200.00 for medical expenses and $200.00 for general damages is inadequate. We find that the $200.00 award for medical expenses is adequate because the record does not establish that a greater amount of medical expenses have been incurred by appellant. However, we do find that the $200.00 award for general damages is inadequate and is an abuse of the jury’s discretion. After the accident, Mr. Sullivan was immediately taken to a hospital emergency room. He complained of pain in his right foot and ankle and in his left foot. The physician that examined Mr. Sullivan initially diagnosed a fracture of the distal phalanx of the right third toe. The physician also noted in the emergency record that Mr. Sullivan had multiple abrasions resulting from the accident. Mr. Sullivan testified that he stayed in bed for two weeks due to the foot injury. For another two weeks, he hopped on his left foot to get around because he could not put pressure on his right foot. He further testified that for another six to eight months his right foot hurt when he walked long distances. An orthopedic surgeon examined Mr. Sullivan’s foot about one year after the accident. At this time, x-rays of Mr. Sullivan’s right foot revealed no fractures. However, the surgeon prescribed an arch support to alleviate pain in the mid foot arch. Mr. Sullivan testified that he did not experience pain in his foot after he began using the arch support. Based on these facts, we find that an award of $1,000.00 for general damages is the lowest amount that would adequately compensate Mr. Sullivan for his injuries. See Hawkins v. Gilfoil, 483 So.2d 1082 (La.App.2d Cir.1986).
Mr. Robert Kropog argues that the award of $3,000.00 for general damages is inadequate and an abuse of the jury’s discretion. We agree.
After the accident, Mr. Kropog was taken to the hospital emergency room. His injuries included a small laceration over the left eyebrow, which required three stitches, and multiple abrasions. He also complained of pain in his left forearm and in his left hip. An x-ray examination of his arm revealed a fracture of the proximal one-third of the left radius which required surgery, consisting of an open reduction and internal fixation with the use of a metal plate and screws. His arm was placed in a cast. As a result of the surgery, Mr. Kropog stayed in the hospital five days. After his discharge from the hospital, Mr. Kropog returned to the hospital clinic to have the sutures in his arm removed and, on another occasion, to have his cast repaired. He also returned to the clinic for some routine examinations of his *346 arm. Mr. Kropog testified that for about three weeks after the surgery he experienced severe pain in his arm. He also testified that he cannot fully extend his arm. Although the record does not clearly establish the type of injury to the hip which was sustained by Mr. Kropog, he testified that his hip hurt for about three weeks after the accident and he did not use his left leg for this period of time.
About nine months after the surgery, Dr. Alan Farries, an orthopedic specialist, examined Mr. Kropog’s arm. Dr. Farries testified that an x-ray examination of Mr. Kropog’s arm revealed a well-healed fracture with the metal plate and screws remaining in place. Dr. Farries calculated a ten percent (10%) disability of the arm, based on Mr. Kropog’s inability to fully extend his arm and the future potential of arthritis in the elbow.
After evaluating these facts, we determine that an award of $8,000.00 for general damages is the lowest amount that would adequately compensate Mr. Kropog for his injuries. See Abraham v. Hanover Ins. Co., 420 So.2d 526 (La.App.2d Cir.1982).
For the above reasons, the judgment of the trial court is amended in part and, as amended, affirmed. Costs of this appeal are to be paid by appellees.
AMENDED IN PART AND, AS AMENDED, AFFIRMED.