563 So.2d 408 (1990)
Emma CLIFTON
v.
Raymond J. COLLINS and Allstate Insurance Company.
No. CA 89 0513.
Court of Appeal of Louisiana, First Circuit.
May 30, 1990.
Robert Tillery, Baton Rouge, for plaintiff-appellant Emma Clifton.
Stephen R. Wilson, Baton Rouge, for defendants-appellees Raymond J. Collins, Allstate Ins. Co.
Before LOTTINGER, CRAIN and LeBLANC, JJ.
CRAIN, Judge.
This is an appeal of a judgment awarding damages for personal injury received as a result of an automobile accident.
On November 25, 1985, Mrs. Emma Clifton's automobile was struck by an automobile driven by Raymond J. Collins. The accident occurred on a two lane highway in the plaintiff's lane as a result of the defendant's failure to return to his lane of traffic after passing an automobile. The defendant had consumed several beers during the day prior to the accident.
After hearing the evidence presented by the plaintiff and defendant, the trial court directed a verdict in favor of the plaintiff on the issues of liability and comparative negligence. This has not been appealed. The jury found that the defendant was intoxicated at the time of the accident but that the intoxication was not a cause-in-fact of the accident and awarded general damages of $9,000 and medical expenses of $1,000 for a total of $10,000. The jury found that the plaintiff was not entitled to an award of exemplary damages.
The plaintiff appeals the judgment of the trial court. The issues for review are the adequacy of the award for general damages; whether the trial court erred in refusing to admit the results of a photo electric *409 intoximeter (PEI) test given to the defendant after the accident; whether the jury erred in finding that the intoxication was not a cause-in-fact of the accident and that the defendant did not act in a wanton or reckless disregard for the rights or safety of others.

ADEQUACY OF THE DAMAGE AWARD
The trial court has much discretion in awarding damages and will not be disturbed on appeal absent an abuse of discretion. Johnson v. International Insurance Company, 347 So.2d 1279 (La.App. 1st Cir.), writ denied 350 So.2d 1225 (La.1977). To determine whether a jury has abused its discretion in making an award the court must review the circumstances of the case. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976).
As a result of the accident, the plaintiff received a comminuted fracture of her left distal radius (one of two bones in the arm) near the wrist; a laceration on her scalp; lacerations in her mouth; two teeth were knocked out and three other teeth were partially evulsed and had to be removed.
Dr. Eugene S. Fields, a surgeon, reduced the plaintiff's fractured wrist and placed it in a sugar tong splint in the emergency room using a local anesthetic and requiring no incisions. The splint was removed on January 6, 1986, and a self-administered physical therapy program was started. By February 17, 1986, the plaintiff's fracture had "healed" and she was released to the care of her family physician. Dr. Fields saw the plaintiff again on June 9, 1986, and diagnosed that the plaintiff had the early indications of carpal tunnel syndrome in her wrist. However, when he examined the plaintiff in July, 1988, he could not reproduce the symptoms. He found that the plaintiff was somewhat improved from the earlier examination.
Robert E. Lane, D.D.S., removed the three teeth that had subluxated due to the accident. He testified that the plaintiff had periodontal disease and did not have a full set of lower teeth when he examined her. The plaintiff testified that she wore an upper denture and had all of her lower molars removed prior to the accident.
Dr. Thomas L. Neely treated the plaintiff in the emergency room. The plaintiff had a laceration of her scalp which required six staple sutures. Dr. Neely treated her mouth lacerations with cleansing and medication. He further noted a contusion of the left knee and later observed a bruise of her left breast area.
The jury awarded the plaintiff:
$6,000 for physical pain and suffering
$3,000 for mental pain and suffering
$1,000 for medical expenses.
We find this to be an abuse of discretion. When an award of damages is found to be inadequate the trial award may be amended by raising it to the lowest amount which is reasonable within the discretion afforded the trier of fact. Kropog v. Carlson, 517 So.2d 342 (La.App. 1st Cir. 1987). Based on these facts we find that an award of $15,000 for general damages is the lowest amount that would adequately compensate the plaintiff for her injuries. The adequacy or excessiveness of the medical expenses awarded has not been appealed or argued so it is not before us.

ADMISSIBILITY OF PEI TEST
The appellant next argues that it was error for the trial court to refuse to allow the results of a PEI test administered on Raymond Collins by a police officer after the accident. The judge held that the foundation that must be laid to present the PEI results was the same in a civil proceeding as in a criminal proceeding. The plaintiff did not have the requisite record evidence regarding calibration or accuracy of the reading.
The trial court allowed the plaintiff to question the defendant regarding his being criminally charged with driving while intoxicated as a result of the accident and *410 his plea of nolo contendere[1] to the charged offense. The jury had ample evidence of the defendant's intoxication and they concluded he was intoxicated. We fail to see how the admission of the results of a PEI test could have added anything to the jury's finding that Raymond Collins was intoxicated at the time of the accident.
In addition, we note that the plaintiff has failed to produce any medical evidence as to the effect of a specified blood alcohol content on the human body. See Brown v. Collins, 223 So.2d 453 (La.App. 3rd Cir. 1969). This argument is without merit.

INTOXICATION AS CAUSE OF ACCIDENT
The appellant argues that it was error for the jury to hold that the intoxication was not a cause-in-fact of the accident and that Raymond Collins did not act in wanton and reckless disregard for the rights and safety of others.
Findings of fact will not be disturbed on review absent manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978). We find no error.
Raymond Collins was a cross-country truck driver by profession. He had completed a run when he was informed of a friend's death and drove from Texas to Louisiana. He stayed through the burial proceedings and admitted he did not get enough sleep. The accident occurred while Raymond Collins was passing a car and failed to completely return to the right lane in time to avoid the accident. Collins presented evidence that his inattention was the reason for his negligence and that his inattention was not the result of his drinking. The jury chose to believe that factors other than intoxication caused the accident. Since there is evidence of factors other than intoxication, we cannot say the jury was manifestly wrong in its conclusion. This assignment of error has no merit.
The plaintiff argues that the form of the special jury interrogatories was erroneous and contrary to the jury instructions.
La.C.C. art. 2315.4 states:
In addition to general and special damages, exemplary damages may be awarded upon proof that the injuries on which the action is based were caused by a wanton or reckless disregard for the rights and safety of others by a defendant whose intoxication while operating a motor vehicle was a cause in fact of the resulting injuries.
We have examined the special interrogatories submitted to the jury and the instructions and find that they conform with La.C.C. art. 2315.4. This argument is without merit.
The judgment of the trial court is amended to increase the general damages award to $15,000. Otherwise, the judgment is affirmed.
The costs of this appeal are assessed equally against the appellant and appellee.
AMENDED AND AFFIRMED.
NOTES
[1] A plea of nolo contendere is not admissible in evidence but this issue has not been raised on appeal.