609 So.2d 1024 (1992)
Faye Dutton SMITH, Curator for the Interdict, John Lesley Dutton, Plaintiff-Appellant,
v.
COMMERCIAL UNION INSURANCE COMPANY, et al., Defendants-Appellees.
No. 24265-CA.
Court of Appeal of Louisiana, Second Circuit.
December 2, 1992.
Writ Denied February 5, 1993.
*1025 Campbell, Campbell & Johnson by John T. Campbell, Minden, for plaintiff-appellant.
Cook, Yancey, King & Galloway by Charles G. Tutt, Lisa Dunn Folsom, Shreveport, for defendants-appellees.
Before LINDSAY, HIGHTOWER and VICTORY, JJ.
VICTORY, Judge.
This litigation arises as the result of an intersectional automobile collision. Plaintiff, Faye Dutton Smith, as the curatrix for her brother, John Leslie Dutton, an interdict, filed suit for wrongful death against Royce McMahon, the Sheriff of Webster Parish, and his insurer over injury to and death of Margie Krouse Dutton, John's wife, following an automobile accident. Mrs. Smith appeals the trial court judgment which dismissed plaintiff's demands, finding Mrs. Dutton's actions to be the sole cause of the accident. We affirm.

FACTS
Mrs. Dutton, 83 years old, was injured in a two-car accident that occurred on April 12, 1990 at the intersection of U.S. Highway 79 (Minden-Homer Road) and Fincher Road in the city of Minden, and later died as a result of a heart attack at P & S Hospital on April 16, 1990. On the day of the accident, Mrs. Dutton was traveling west in the inside lane behind two other cars on Minden-Homer Road, a four-laned highway. As they approached the intersection of Fincher Road, a two-laned highway, the light turned green and the two cars in front of her proceeded straight through the intersection without incident. Mrs. Dutton then entered the intersection, turned left in front of oncoming traffic to enter Fincher Road (south), and was hit across the passenger side of her car by Deputy Haynes, who was traveling east on the Minden-Homer Road in the right lane, responding to an emergency burglary call. Deputy Haynes was traveling through a green light at 50 mph (admittedly in excess of the *1026 35 mph speed zone) with a red flashing dash mount, but no siren.
Mrs. Dutton survived the accident with a broken arm and laceration to her forehead, which required 100 stitches. She was transported to Minden Medical Center and subsequently transferred to P & S Hospital in Shreveport. Four days after the accident, near the time of her release from the hospital, Mrs. Dutton suffered a heart attack and died.
After trial on the merits, the trial court dismissed with prejudice plaintiff's demands at her cost and rendered judgment in favor of defendant, finding Mrs. Dutton's actions to be the sole cause of the accident. In a written opinion, the trial court found Mrs. Dutton had an obligation to exercise a very high degree of care in making a left-hand turn, even though she had a green light. The court also found that Deputy Haynes was properly responding to an emergency burglary call and authorized by LSA-R.S. 32:24 to exceed the speed limit, since he made use of a visual signal which was sufficient to warn motorists of his approach. The judgment pretermitted a discussion of the cause of death, finding defendants not responsible for the accident.
The predominant issue in this case is whether Deputy Haynes was negligent in causing this accident. Plaintiff alleges Deputy Haynes was speeding through a highly traveled and dangerous intersection while not properly looking out for others. She alleges Deputy Haynes was not authorized to speed, pursuant to LSA-R.S. 32:24, because his flashing dash mount was not sufficient to warn motorists of his approach. In addition, plaintiff alleges that Mrs. Dutton had the right of way since she attempted her left turn before Deputy Haynes reached the intersection.
The driver of a vehicle, like Mrs. Dutton, intending to turn left bears the responsibility of yielding the right-of-way to vehicles approaching from the opposite direction which are so close as to constitute an immediate hazard. LSA-R.S. 32:104(A). Such a motorist, when involved in an accident, is burdened with a presumption of liability for the accident. He must show that he was free from negligence to avoid the imposition of liability. Lewis v. Allstate Insurance Co., 250 So.2d 155 (La. App.2d Cir.1971). Foreman v. State Farm Mut. Auto. Ins., 416 So.2d 258 (La.App.3d Cir.1982); Strickland v. Pitts, 506 So.2d 1360 (La.App.2d Cir.1987).
Since such a high standard of care is required of a left-turning motorist, it was incumbent upon Mrs. Dutton to ascertain before attempting the maneuver that it could be made safely and without danger to oncoming traffic. Hawkins v. Gilfoil, 483 So.2d 1082 (La.App.2d Cir.1986). She was required not only to look, but to see what she should have seen. Agency Rent-A-Car, Inc. v. Hamm, 401 So.2d 1259 (La. App. 1st Cir.1981); Lewis v. Allstate Insurance Co., supra. Looking but not seeing what was there to be seen is tantamount to not looking at all. See Mullins v. Travelers Insurance Co., 324 So.2d 613 (La.App.2d Cir.1975).
Deputy Haynes, the only witness of the accident to testify at trial, stated that the light was green as he approached the intersection of Minden-Homer Road and Fincher. He admitted at trial that he was traveling in excess of the posted speed limit due to the emergency call he received. According to one of the paramedics, Mrs. Dutton stated immediately after the accident that she also had a green light, and but did not see the other vehicle. At trial, the investigating officer, Jack Shelley, confirmed that at this intersection left turns are permitted on a green light, but that only the left turn signal is protected, i.e., eastbound traffic has a red light when the turn signal is illuminated in the westbound turning lane.
In written reasons, the trial judge found that at the time of the accident the green light was illuminated for both easterly and westerly traffic on Minden-Homer Road. In discussing Mrs. Dutton's actions, the trial court stated:
Therefore, in the case at bar Mrs. Dutton was under the obligation to exercise a very high degree of care in making a left-hand turn even though her light was *1027 green. She should have made the turn only after ascertaining that it could be completed safely. She should be held responsible for any collision that occurred with another vehicle that she should have seen, even though the oncoming vehicle might be speeding. Had Mrs. Dutton stopped at the intersections and made a proper observation prior to making her turn she would have seen Deputy Haynes, but she failed to do so. Mrs. Dutton was therefore negligent and her negligence was a cause in fact of the resulting collision.
Our review of these factual findings are limited to a determination of whether or not the record establishes that the trial court is clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). As a left-turning motorist, Mrs. Dutton had the burden of showing that she was free from negligence. Although she could have waited for the left turn signal to appear, during which her turn would have been protected, she chose to turn left on the green light and failed to ascertain that the turn could be made safely. Her negligence was clearly a cause in fact of the resulting collision.
LSA-R.S. 32:24(A) and (B)(3) provides that the driver of an authorized emergency vehicle, when responding to an emergency call, may exceed the maximum speed limits so long as he does not endanger life or property. Section C of this statute provides as follows:
C. The exceptions herein granted to an authorized emergency vehicle shall apply only when such vehicle is making use of audible or visual signals sufficient to warn motorists of their approach, except that a police vehicle need not be equipped with or display a red light visible from in front of the vehicle.
The trial court found that Deputy Haynes was proceeding on a favorable light and in his proper lane of traffic. In describing Deputy Haynes' actions, the trial court wrote:
It is undisputed that Deputy Haynes had a portable dash-mounted fireball in operation at the time of the accident.... Deputy Haynes was answering a call to an alleged burglary in process. Public policy dictates that he must respond as quickly as possible as long as he does so in a reasonable manner. It would appear that the only thing Deputy Haynes did out of the ordinary was exceed the speed limit, but that he did make use of a visual signal (fireball) to warn motorists of his approach.
The driver of an emergency vehicle can only be held liable for negligence to the degree that it constitutes reckless disregard for the safety of others. Puearry v. Department of Public Safety, 496 So.2d 1372 (La.App.3d Cir.1986). As a driver of an emergency vehicle responding to an emergency call, Deputy Haynes was authorized to exceed the speed limit, since he made use of a visual signal sufficient to warn motorists of his approach. LSA-R.S. 32:24(C). Even though Deputy Haynes was proceeding above the speed limit, his actions do not constitute a violation of his duty to drive "with due regard for the safety" of others. LSA-R.S. 32:24(D). Driving at 50 m.p.h. in a proper lane of traffic through a green light does not reflect a reckless disregard for the safety of others.
Plaintiff argues that the red flashing dash mount used by Deputy Haynes was insufficient to warn motorists of his approach under LSA-R.S. 32:24(C). Since no expert testimony was presented on this issue, we have no basis to find that this routine police warning device was inadequate under the circumstances of this case. The trial court found that Deputy Haynes could not have avoided this accident, since "Mrs. Dutton evidently began her left-hand turn without ever stopping." As the trial court stated, had Mrs. Dutton stopped at the intersection and made a proper observation prior to making her turn, she would have seen Deputy Haynes. Without expert testimony indicating that the deputy should have been able to stop, this argument has no factual basis and is therefore without merit.
Finding no liability on behalf of defendant, we pretermit a discussion of plaintiff's *1028 cause of death and resulting damages.

DECREE
Based on the foregoing, we affirm the trial court's judgment dismissing plaintiff's demands. Costs are assessed to appellant.
AFFIRMED.