JJQRBY, Judge.
Defendants, Gordon Ortego and Allstate Insurance Company, appealed the trial court judgment in favor of plaintiff, Lennie Ditcharo. Plaintiff answered the appeal, seeking damages and expenses for frivolous appeal.
This matter involves a December 12, 1995 vehicular collision between plaintiff and defendant Ortego. Both parties were traveling on Camp Street in New Orleans in a downtown direction at approximately 6:45 a.m. It is undisputed that this section of Camp Street is one-way and has four lanes. However, the plaintiff contends that the far left lane allowed travel, while the defendant contends that the far left lane was for parking and stopping only.
It is undisputed that plaintiff was traveling in the far left lane and the defendant was traveling in the second lane from the left. The accident occurred when the defendant turned left from the second lane from the left to enter a parking lot and was struck by plaintiffs vehicle during his left turn. The defendant was issued a traffic citation for making an improper left turn.
| ¡.Plaintiff filed a petition for damages against Ortego, his insurer, Allstate Insurance Company, and the City of New Orleans, Department of Public Works. Prior to trial, plaintiff dismissed, without prejudice, the City of New Orleans from this lawsuit. After trial, the trial court rendered judgment in favor of plaintiff and against defendants, Ortego and Allstate, for the $10,000.00 limits of Ortego’s policy with Allstate, plus expenses and legal interest from the date of judicial demand until paid.
At the beginning of trial, the parties agreed to several stipulations. They first stipulated to the introduction into evidence of the following exhibits: the police report, Ortego’s insurance policy with Allstate, plaintiffs medical bills and records relating to alleged injuries from this accident, and photographs of the accident scene. They also stipulated that plaintiff missed two days of work due to the accident. Finally, they agreed that plaintiffs damages, if any, did not exceed ten thousand dollars.
The only two witnesses at trial were plaintiff and defendant Ortego. Plaintiff testified that she was traveling to work on December 12, 1995 at approximately 6:45 a.m. when she was involved in an accident. She crossed the Mississippi River to the East Bank of New Orleans and got off at the Camp Street exit. Camp Street runs one-way toward downtown. She got in the far left lane, which was adjacent to the curb, in order to be able to later turn left. Ortego was driving ahead of plaintiff in the lane to plaintiffs immediate right. Ortego turned left in front of her into a parking lot and plaintiffs car collided into Ortego’s car as he was making the left 13turn. Plaintiff stated that there were no cars parked in the far left lane of Camp Street at the time of the collision and she said she did not think parking was allowed in that lane. She said she was not aware of signs on this part of the street that said that parking was prohibited after 7:00 a.m. The photograph of the area submitted by plaintiff showed that the far left lane and the center left lane from which Ortego made his left turn are divided by white dashed lines.
Plaintiff testified that after the accident, she suffered pain in her neck, back and knee. She received medical treatment for these injuries for about one year.
Ortego testified that he was also on his way to work on the morning of December 12,1995 at approximately 6:45 a.m. He was traveling down Camp Street, which he described as having four lanes, the center *930 two lanes for traveling and the outer two lanes for parking. He testified that he got in the center left lane, which he said was the lane from which left turns should be made because the far left lane was for parking. He put on his turn signal and toned left into a parking lot. As he turned, plaintiffs vehicle collided into his vehicle. Ortego admitted that there were no cars parked on the left side of the street when he made his turn.
Ortego identified a photograph that depicted the area of Camp Street right next to the parking lot where the accident occurred. That photograph showed a sign that said no stopping was allowed between the hours of 7:00 a.m. and 9:00 a.m. and between the hours of 4:00 p.m. and 6:00 p.m., except on Saturdays and Sundays. He agreed with plaintiff that the accident occurred at approximately 6:45 |4a.m. He also said that there are parking meters on both sides of the street. Ortego stated that all four traffic lanes are divided by white dashed lines.
La. R.S. 32:101 states in pertinent part: A. The driver of a vehicle intending to turn at an intersection shall proceed as follows:
[[Image here]]
(3) Left turns on other than two-way roadways. At any intersection where traffic is restricted to one direction on one or more of the roadways, the driver of a vehicle intending to turn left at any such intersection shall approach the intersection in the extreme left-hand lane lawfully available to traffic moving in the direction of travel of such vehicle and after entering the intersection the left turn shall be made so as to leave the intersection in the safest lane lawfully available to traffic moving in such direction upon the roadway being entered.
La. R.S. 32:104 states in pertinent part: A. No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in R.S. 32:101, or turn a vehicle to enter a private road or driveway, or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety.
B. Whenever a person intends to make a right or left turn which will take his vehicle from the highway it is then traveling, he shall give a signal of such intention in the manner described hereafter and such signal shall be given continuously during not less than the last one hundred (100) feet traveled by the vehicle before turning.
A left turn is generally a dangerous maneuver that must not be undertaken until the turning motorist ascertains that the turn can be made in safety. Thomas v. Champion Insurance Company, 603 So.2d 765, 767 (La.App. 3 Cir.1992). A left-turning motorist involved in an accident is burdened with a presumption of liability and the motorist must show that he or she is free of negligence. Id. at 767.
LThe trial judge evaluated the trial testimony as well as the photographs of the area and the police report and concluded that defendant Ortego was solely at fault in this accident. We find no manifest error in that conclusion.
We also find no merit in plaintiffs claim that defendants’ appeal is frivolous.
Accordingly, we affirm the trial court judgment.
AFFIRMED.