PEATROSS, J.
hln this tort suit, Plaintiffs, Charlotte Amos and Norman Artez Amos, individually and on behalf of Charlita Thomas (collectively referred to as “Ms. Amos”), brought suit against Officer Kristopher L. Walker and the Town of Jonesboro (collectively referred to as “Officer Walker”), alleging damages sustained as a result of an automobile collision occurring on August 24, 2003. Ms. Amos alleged that the accident was caused as a result of the sole fault and negligence of Officer Walker. A trial solely on the issue of liability took place in September 2009. Determining that the vehicle accident was caused solely by the fault and negligence of Ms. Amos, the trial judge rendered a judgment in favor of Officer Walker, dismissing Ms. Amos’ claims. Ms. Amos now appeals. For the reasons stated herein, we affirm.

FACTS

On August 24, 2003, an automobile accident occurred between Charlotte Amos and Officer Kristopher L. Walker in Jonesboro, Louisiana. Ms. Amos was traveling East on LA Hwy 4 in her 1998 Plymouth van with Charlita Thomas riding as a passenger. Officer Walker was also traveling East on LA Hwy 4 in his police cruiser and was in the process of responding to an emergency dispatch after receiving a “fight in progress” call. Officer Walker had activated his emergency lights[1] and was continuing eastward until he came up behind Ms. Amos’ vehicle in a “no passing zone.” Officer Walker hesitated for a short time to judge whether or not it |2was safe to pass Ms. Amos’ vehicle. Determining it was safe, Officer Walker began to pass Ms. Amos’ vehicle by advancing in the left lane. As Officer Walker was attempting to pass, Ms. Amos turned left toward a driveway of the post office and the two vehicles collided. Later, it was discovered that the post office driveway into which Ms. Amos was attempting to turn was an “Exit Only” drive.
Officer Michael Linton was the officer assigned to investigate the accident. Officer Linton testified that, after investigating the scene, he went to Jackson Parish Hospital where he questioned Ms. Amos about the collision. Officer Linton testified that Ms. Amos told him that she had observed Officer Walker’s vehicle ap *132 proaching from behind with the emergency-lights activated, but she assumed that, when she signaled to make a left turn into the post office, Officer Walker would proceed to pass her on the right.
As previously stated, Ms. Amos filed a Petition for Damages alleging that the accident occurred solely as a result of the fault and negligence of Officer Walker. In response, Officer Walker argued that Ms. Amos was entirely at fault for the accident because she failed to yield to an oncoming emergency vehicle. Due to multiple delays and continuances, trial of the matter did not begin until September 15, 2009. The trial judge elected to try solely the issue of liability and the trial ended after two days, at which point the trial judge took the matter under advisement. Approximately four months later on January 14, 2010, the trial court rendered a judgment in favor of Officer Walker, thereby dismissing Ms. Amos’ claims.
|3In his reasons for judgment, the trial judge stated that Ms. Amos was entirely at fault and liable for the accident because she failed to yield to Officer Walker’s oncoming emergency vehicle as required by La. R.S. 32:125, infra. The trial judge further indicated that Officer Walker’s actions fell within the purview of exceptions set forth in La. R.S. 32:24, infra. Since there was no evidence that Officer Walker had acted with gross negligence or reckless disregard for the safety of others, he was entirely free from fault and liability for damages resulting from the collision. This appeal ensued.

DISCUSSION

On review, an appellate court may not set aside the findings of fact by the trial court unless those findings are clearly wrong or manifestly erroneous. Smith v. Louisiana Dept. of Corrections, 93-1305 (La.2/28/94), 633 So.2d 129; Sto-bart v. State through Dept. of Transp. and Development, 617 So.2d 880 (La.1993); Rosell v. ESCO, 549 So.2d 840 (La.1989). An appellate court must not base its determination on whether it considers the trier of fact’s conclusion to be right or wrong, but on whether the fact finder’s conclusion was reasonable. Stobart, supra.
In order to reverse a fact finder’s determination of fact, an appellate court must review the record in its entirety and (1) find that a reasonable factual basis does not exist for the finding and (2) further determine that the record establishes that the fact finder is clearly wrong or manifestly erroneous. Salvant v. State, 05-2126 (La.7/6/06), 935 So.2d 646; Sto-bart, supra. The appellate court must not reweigh the evidence or substitute its |4own factual findings because it would have decided the case differently. Pinsonneault v. Merchants & Farmers Bank & Trust Co., 01-2217 (La.4/3/02), 816 So.2d 270.
Where the fact finder’s conclusions are based on determinations regarding the credibility of a witness, the manifest error standard demands great deference to the trier of fact because only the trier of fact can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener’s understanding and belief in what is said. Rosell, supra. Even though an appellate court may feel its own evaluations and inferences are more reasonable than those of the fact finder, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, where conflict exists in the testimony. Rosell, supra; Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). With regard to decisions of law, a trial court’s ruling is subject to de novo review. Hall v. Folger Coffee Co., 03-1734 (La.4/14/04), 874 So.2d 90.
*133 In her first and second assignments of error, Ms. Amos asserts that the trial judge erred in failing to find that Officer Walker’s conduct rose to the level of “gross negligence” and that he breached the statutory duty he owed to Ms. Amos under the emergency vehicle statute. See La. R.S. 32:24. Ms. Amos contends that Officer Walker’s attempt to pass her vehicle in a “no passing zone” constituted reckless disregard for her safety and gross negligence. Ms. Amos points to subsection (D) of La. R.S. 32:24, which states that the statute is not intended to relieve the emergency responder of [san authorized vehicle from the duty to drive with due regard for the safety of all persons.
Officer Walker argues that the accident was caused by the sole fault and negligence of Ms. Amos due to her failure to yield to an oncoming emergency vehicle in the process of responding to a call. See La. R.S. 32:125. Officer Walker also contends that his actions fell within the purview of the exceptions listed in La. R.S. 32:24; and, therefore, he is immune from fault and liability in this case since he did not act with gross negligence or reckless disregard for the safety of others. We agree.
La. R.S. 32:24 provides the following with regard to emergency vehicles:
A. The driver of an authorized emergency vehicle, when responding to an emergency call, or when in the pursuit of an actual or suspected violator of the law, or when responding to, but not upon returning from, a fire alarm, may exercise the privileges set forth in this Section, but subject to the conditions herein stated.
B. The driver of an authorized emergency vehicle may:
(1)Park or stand, irrespective of the provisions of this Chapter;
(2) Proceed past a red or stop signal or stop sign, but only after slowing down or stopping as may be necessary for safe operation;
(3) Exceed the maximum speed limits so long as he does not endanger life or property;
(4) Disregard regulations governing the direction of movement or turning in specified directions.
C.The exceptions herein granted to an authorized emergency vehicle shall apply only when such vehicle is making use of audible or visual signals sufficient to warn motorists of their approach, except that a police vehicle need not be equipped with or display a red light visible from in front of the vehicle.
IfiD. The foregoing provisions shall not relieve the driver of an authorized vehicle from the duty to drive with due regard for the safety of all persons, nor shall such provisions protect the driver from the consequences of his reckless disregard for the safety of others.
The Louisiana Supreme Court explained in Lenard v. Dilley, 01-1522 (La.1/15/02), 805 So.2d 175, that La. R.S. 32:24(D) sets forth two standards of care for an emergency vehicle driver, depending on the circumstances of the case. If, and only if, an emergency vehicle driver’s actions fit into subsections (A), (B) and (C) of the statute, will an emergency vehicle driver be held liable only for his or her actions which constitute reckless disregard for the safety of others. Lenard, supra. On the other hand, if the emergency vehicle driver’s conduct does not fit subsections (A), (B) and (C) of the statute, such driver’s actions will be gauged by a standard of “due care.” Lenard, supra.
The failure of “due care” is synonymous with ordinary negligence. Lenard, supra. “Reckless disregard,” however, connotes conduct more severe than *134 negligent behavior. Lenard, supra. “Reckless disregard” is, in effect, “gross negligence.” Lenard, supra. Gross negligence has been defined as the “want of even slight care and diligence” and the “want of that diligence which even careless men are accustomed to exercise.” Lenard, supra, citing Ambrose v. New Orleans Police Dept. Ambulance Service, 93-3099, 93-3110 and 93-3112 (La.7/5/94), 639 So.2d 216.
Gross negligence has also been termed the “entire absence of care” and the “utter disregard of prudence, amounting to complete neglect of the rights of others.” Rabalais v. Nash, 06-0999 (La.3/9/07), 952 So.2d 653 (internal citations omitted). Gross negligence, therefore, has a well-defined |7legal meaning distinctly separate from ordinary negligence. Lenard, supra. In summary, “reckless disregard” or “gross negligence” is the standard to be applied if the emergency vehicle driver’s actions fall under subsections (A), (B) and (C) of La. R.S. 32:24. Lenard, supra. Otherwise, the standard is ordinary negligence. Lenard, supra.
Simply because an individual happens to be an emergency vehicle driver, however, does not automatically relieve him from liability for ordinary negligence. Lenard, supra. Subsection (D) of La. R.S. 32:24 provides that the provisions set forth in the statute do “not relieve the driver of an authorized vehicle from the duty to drive with due regard for the safety of all persons[.]” A breach of this duty will result in a finding of actionable negligence on the part of the driver. Pope v. Prunty, 37,395 (La.App.2d Cir.8/20/03), 852 So.2d 1213, writ denied, 03-2496 (La.11/26/03), 860 So.2d 1137; Butcher v. City of Monroe, 31,932 (La.App.2d Cir.5/5/99), 737 So.2d 189, writ denied, 99-1608 (La.9/17/99), 747 So.2d 566; United Bilt Homes, Inc. v. Schmitt, 29,837 (La.App.2d Cir.9/24/97), 699 So.2d 1167.
La. R.S. 32:125 addresses the duty of other motorists to yield to emergency vehicles:
A. Upon the immediate approach of an authorized emergency vehicle making use of audible or visual signals, or of a police vehicle properly and lawfully making use of an audible signal only, the driver of every other vehicle shall yield the right-of-way and shall immediately drive to a position parallel to, and as close as possible to, the right-hand edge or curb of the highway clear of any intersection, and shall stop and remain in such position until the authorized emergency vehicle has passed, except when otherwise directed by a police officer.
|8B. When any vehicle making use of any visual signals as authorized by law, including the display of alternately flashing amber or yellow warning lights is parked on or near the highway, the driver of every other vehicle shall:
(1) When driving on an interstate highway or other highway with two or more lanes traveling in the same direction, yield the right-of-way by making a lane change into a lane not adjacent to the parked vehicle, if possible with due regard to safety and traffic conditions. If a lane change is not possible, the driver shall slow to a reasonably safe speed.
(2) Maintain a safe speed for road conditions, if unable or unsafe to change lanes, or driving on a two-lane road or highway.
C. This Section shall not operate to relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons using the highway.
*135 D. Any person who violates the provisions of this Section shall, upon conviction, be subject to a fine not to exceed two hundred dollars.
The duty to yield the right of way to an emergency vehicle arises only when a motorist observes or hears, or under the circumstances should have observed or heard, the audible and/or visual warnings of such vehicle. Slone v. Greber, 43,471 (La.App.2d Cir.8/13/08), 989 So.2d 273; Neloms v. Empire Fire & Marine Ins. Co., 37,786 (La.App.2d Cir.10/16/03), 859 So.2d 225; Pope v. Prunty, supra. The burden of proving negligence of the non-yielding motorist rests on the party asserting it. Slone v. Greber, supra; Neloms v. Empire Fire & Marine Ins. Co., supra; Pope v. Prunty, supra.
A left turn is generally a dangerous maneuver that must not be undertaken until the turning motorist ascertains that the turn can be made in safety. Bruce v. State Farm Ins. Co., 37,704 (La.App.2d Cir.10/29/03), 859 So.2d 296; Ditcharo v. Allstate Ins. Co., 99-1873 (La.App. 4th Cir. 911/8/00), 772 So.2d 928; Thomas v. Champion Ins. Co., 603 So.2d 765 (La.App. 3d Cir.1992). Louisiana courts have consistently held that a motorist is negligent when he or she fails to adhere to his/her duty to yield to an oncoming emergency vehicle by attempting to make a left turn into the path of that vehicle, thus resulting in a collision. See La. R.S. 32:125; Rabalais, supra; Jackson v. Town of Grambling, 29,198 (La.App.2d Cir.2/26/97), 690 So.2d 942; Smith v. Commercial Union Ins. Co., 609 So.2d 1024 (La.App. 2d Cir. 1992), writ denied, 612 So.2d 86 (La.1993); Mullins v. Travelers Ins. Co., 324 So.2d 613 (La.App. 2d Cir.1975).
In the case sub judice, Officer Walker’s actions fell within the purview of the exceptions listed in La. R.S. 32:24. He was in the process of responding to an emergency call, his emergency lights were activated and he cautiously approached Ms. Amos’ vehicle in order to determine that it was safe to pass before doing so, thus driving with due regard for her safety. See La. R.S. 32:24. Since Officer Walker’s actions fell within subsections (A), (B) and (C) of La. R.S. 32:24, he will only be held liable for his actions which constituted gross negligence or reckless disregard for the safety of others. Rabalais, supra; Le-ñará, supra. None of Officer Walker’s actions, however, rose to the level of gross negligence or reckless disregard for the safety of others. Accordingly, the trial judge did not err in finding that Officer Walker was entirely free from fault and liability with regard to the collision in this case.
Additionally, it was Ms. Amos’ failure to adhere to her duty to yield to Officer Walker’s oncoming emergency vehicle in accordance with La. | mR.S. 32:125 that caused the collision. In spite of seeing Officer Walker advancing toward her vehicle from behind with his emergency lights activated, Ms. Amos did not yield to Officer Walker’s vehicle by pulling to the right of the highway. Instead, Ms. Amos attempted to turn left, causing a collision between the two vehicles. Furthermore, Ms. Amos was attempting to turn into an “Exit Only” driveway.
Thus, we find Ms. Amos’ first and second assignments of error to be without merit.
In Ms. Amos’ third assignment of error, she complains that the trial judge erred in failing to apportion fault pursuant to La. C.C. art. 2323. The trial judge stated in his reasons for judgment that the accident “was solely caused by the negligence of Mrs. Amos[.]” Since the trial judge indicated in his ruling that Ms. Amos was entirely responsible and, thus totally liable for *136 the accident, there was no percentage of fault which could have been apportioned to Officer Walker or to any other party or nonparty to this case.
This assignment of error is, therefore, without merit.

CONCLUSION

For the foregoing reasons, the judgment of the trial court in favor of Officer Walker and dismissing the claims of Ms. Amos is affirmed. Costs of this appeal are assessed to Charlotte Amos and Norman Artez Amos.
AFFIRMED.

. Officer Walker testified that he had both the siren and the emergency lights activated. Ms. Amos claims that she never heard Officer Walker’s siren, although she admits that she did see the emergency lights activated on his police cruiser.